626 So.2d 452 (1993)
STATE of Louisiana
v.
Leroy J. HILLS.
No. 92-KA-1264.
Court of Appeal of Louisiana, Fourth Circuit.
October 28, 1993.
*453 Harry F. Connick, Dist. Atty. of Orleans Parish, Val M. Solino, Asst. Dist. Atty. of Orleans Parish, New Orleans, for State of La.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant.
Before BYRNES, and WARD and PLOTKIN, JJ.
PLOTKIN, Judge.

STATEMENT OF THE CASE:
The defendant was charged with possession of cocaine of more than twenty-eight grams and less than 199 grams and pled not guilty. Subsequently, he withdrew his former plea and pled guilty as charged pursuant to State v. Crosby, 338 So.2d 584 (La.1976). He received a sentence of five years at hard labor with credit for time served. Fines were waived.

ERRORS PATENT:
The trial court "waived" the mandatory fine associated with conviction of possession of cocaine in the amounts seized in the instant case. The Revised Statutes provide:
Any person who knowingly or intentionally possesses twenty-eight grams or more, but less than two hundred grams, of cocaine or of a mixture or substance containing a detectable amount of cocaine ... shall be sentenced to serve a term of imprisonment at hard labor of not less than five years, nor more than thirty years, and to pay a fine of not less than fifty thousand dollars, nor more than one hundred fifty thousand dollars. La.Rev. Stat. § 40:967(F)(a).

By waiving the mandatory fine, the trial court created an error patent by ordering an illegally lenient sentence. The trial court might have more properly imposed the mandatory fine and then suspended it. However, an illegally lenient sentence is an error patent favorable to the defendant. As such, an appellate court may not amend or set aside an illegally lenient sentence on its own motion when the defendant alone has appealed and the prosecutor has not sought review of the sentence. State v. Fraser, 484 So.2d 122 (La.1986).

*454 FACTS:

On June 30, 1989, based upon an anonymous tip, officers initiated a surveillance of 8021 Benson Street. That evening the officers saw one car drive up to the house. Two women exited the car and went inside the dwelling. They stayed for approximately five minutes, then left, looking around nervously. The police pulled their car over, and on the pair found cocaine and marijuana. Subsequently, Detective Ronnie Austin obtained a warrant for 8021 Benson Street. He executed it that day and he seized almost six ounces of cocaine, some marijuana, and several thousand dollars. He arrested the occupants of the house: the defendant, Linda Washington a/k/a Linda Hills, and Joyce Adams.
The defendant argues there was no probable cause for the issuance of a warrant.
A search warrant may issue only upon an affidavit establishing probable cause to the satisfaction of a neutral magistrate. La. Const. Art. I, § 5; LaC.Cr.P. Art. 162. Probable cause exists when the affiant's knowledge and those of which he has reasonably trustworthy information are sufficient to support a reasonable belief that evidence or contraband may be found at the place to be searched. The facts establishing the existence of probable cause must be contained within the four corners of the affidavit. Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983); State v. Duncan, 420 So.2d 1105 (La.1982); State v. Manso, 449 So.2d 480 (La.1984) cert. den. 469 U.S. 835, 105 S.Ct. 129, 83 L.Ed.2d 70 (1984).
[T]he task of the issuing magistrate is simply to make a practical common-sense decision whether, given all the circumstances set forth in the affidavit, including the `veracity', `reliability' and `basis of knowledge' of the informant, there is a fair probability that the contraband or evidence will be found in a particular place.
State v. Hernandez, 513 So.2d 312, 316 (La. App. 4th Cir.1987), writ den. 516 So.2d 130 (La.1987). A search warrant should be tested in a common sense and realistic manner without technical requirements of elaborate specificity. Doubtful or marginal cases should be resolved with a preference for warrants. State v. Huffman, 419 So.2d 458 (La.1982). An appellate court, reviewing the magistrate's decision to issue a warrant, should consider whether the totality of the circumstances indicated that there was a "fair probability" that contraband will be found in the place to be searched. State v. Deal, 578 So.2d 994 (La.App. 4th Cir.1991), writ den. 580 So.2d 677 (La.1991). The duty of the reviewing court is to simply ensure that the magistrate had a "substantial basis" for concluding that probable cause existed. State v. Roebuck, 530 So.2d 1242 (La.App. 4th Cir.1988), writ denied 531 So.2d 764 (La. 1988).
In the present case, the search warrant included these facts:
1. An anonymous informant contacted Austin and told him that a black male known as "Leroy" was routinely engaged in the distribution of retail amounts of cocaine and cocaine base (crack) from his residence at 8021 Benson Street.
2. The informant had personally observed these actions within forty-eight hours.
3. The informant said another black man named Charles Emory was involved in the activity.
4. Austin contacted Officer Dennis Points who was assigned to the police district. Points was knowledgeable about drug trafficking in the area. Points told Austin that he knew Emory had a reputation for drug trafficking. He also said that 8021 Benson Street was known to be a location where drugs were sold.
5. Austin checked police records and discovered Emory had recently been convicted of possession of cocaine.
6. The informant gave Austin the phone number of the house. Austin checked telephone listings and found that the number was in fact registered to the house.
7. The officers established a surveillance of the house and saw two females and an infant enter the house, stay five minutes and leave.
8. Austin had observed a brief visit commensurate with drug trafficking.

*455 9. The officers stopped the women's vehicle and found them to be in possession of marijuana and cocaine.
The information from the informant, combined with independent facts and intelligence gathered by routine police investigation, established probable cause to issue the warrant. State v. Duron, 524 So.2d 164 (La.App. 4th Cir.1988), writ den. 531 So.2d 263 (La.1988). While the stop of the two women who departed from the residence may have been illegal, the information obtained in that detention was not fatal to the validity of the search warrant. There was sufficient independent evidence provided in the warrant application to justify the magistrate's decision to issue the warrant. Additionally, the evidence seized in the house was the result of an independent source, the validly issued search warrant, and not the product of the officer's alleged illegal entry in to residence. Segura v. United States, 468 U.S. 796, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984); Duron, 524 So.2d at 167; Roebuck, 530 So.2d at 1250. Accordingly, the trial court did not err in denying the motion to suppress.
The conviction and sentence are affirmed.
AFFIRMED.