MARION F. EDWARDS, Chief Judge.
12Pefendant/appellant, Tommy L. Mouton (“Mouton”), was charged with failing to maintain his registration as a convicted sex offender in violation of La. R.S. 15:542. Mouton pled not guilty to this charge at his arraignment and, subsequently, a competency hearing was conducted at which time Mouton was found competent to stand trial. He proceeded to trial, following which trial a twelve-person jury found him guilty of failing to maintain his registration as a convicted sex offender. Mouton was sentenced to five years of imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence. This appeal ensued.
Sergeant Joel O’Lear of the Jefferson Parish Sheriffs Office testified that he works in the Forensic Identification Section of the Crime Laboratory, and he was accepted as an expert during trial for the taking and identifications of latent prints. Sergeant O’Lear identified Mouton in court and testified that he accompanied another latent print examiner to take Mouton’s prints, identifying State’s Exhibit 2 as a fingerprint card with those fingerprints. State’s Exhibit 3 was also admitted as ^evidence at trial. The State presented this exhibit as certified convictions in Mouton’s name for sexual battery, oral sexual battery, and indecent behavior with *247 a juvenile. Defense counsel found no basis for an objection. Sergeant O’Lear testified that State’s Exhibit 3 included convictions for which Mouton was required to register as a sex offender. Sergeant O’Lear compared the fingerprints on this documentation to the fingerprints in State’s Exhibit 2 and determined that Mouton created the fingerprints. He testified that he had no doubt that Mouton was the individual whose fingerprints were included with the certified convictions. Sergeant O’Lear testified that State’s Exhibit 4 included Mouton’s fingerprints from the date of his initial registration and that these fingerprints were compared to Mouton’s fingerprints that were taken in court. Sergeant O’Lear had no doubt that these fingerprints were created by Mouton.
Lieutenant Luis Munguia, Commander of the Fingerprint Identification Division of the Jefferson Parish Sheriffs Office, testified that he had the duty of maintaining accurate records of sex offender registration. He testified that he had a record of Mouton who had come to his office to register on September 16, 2008. Lieutenant Munguia explained that Mouton had been registered in Orleans Parish, but he moved to Jefferson Parish and had three days to register in Jefferson Parish. State’s Exhibit 5 was identified as a copy of the form Mouton filled out when he appeared in Lieutenant Munguia’s office. This form explained Mouton’s registration requirements and advised him of the next day that he was required to come to the office, and also the annual date he was required to appear. State’s Exhibit 5 reflected that Mouton had to register for twenty-five years. Lieutenant Munguia testified that Mouton had to come in every six months. According to State’s Exhibit 5, Mouton was required to return for registration on March 16, 2009. However, Lieutenant Munguia testified that Mouton did not appear in hperson to update his registration on that date. Further, Lieutenant Munguia testified that they checked the database used by the State and confirmed Mouton had not registered anywhere other than Jefferson Parish. Lieutenant Munguia further testified that Mouton had to register for an offense of oral sexual battery, but he also was required to register as a sex offender for the other offenses presented in State’s Exhibit 3.
Mouton testified at trial that he had resided at 237 8th Street in Bridge City since July 2008. He admitted that he had been convicted of sexual crimes and registered on September 16, 2008 as a sex offender in Jefferson Parish. He claimed that, during his move, he misplaced the document with the dates to return for his registration, and he did not recall any of the dates. Mouton claimed that someone from the Jefferson Parish Sheriffs Office came to his residence to verify where he was living in January 2009, and he had to sign some papers. He testified that he was arrested in this case while residing at the address to which he was registered. Mouton admitted that he initialed State’s Exhibit 5 after it was read to him and that he signed the form. He further admitted that, after he lost his paper, he made no efforts to contact the agency or get another copy of the paper. He said he was told that he would be notified because of his history of memory problems and forgetfulness because of his medications. Mouton also admitted that, in 1997, he was convicted of pornography involving juveniles while he was in prison. When asked about registration for that conviction, Mouton said he was told he would have to report to law enforcement, and they would help him get all of it done. Mouton agreed that the law required him to appear in person to the Sheriffs Office and admitted that, on March 16, 2009, he did not do so. He *248 admitted that he only went there when he initially registered in 2008.
| r>On appeal, Mouton argues that the trial court imposed an excessive sentence. He contends that his five-year sentence was imposed without taking into consideration mitigating circumstances in the case, including that he was a Vietnam veteran who suffered from anxiety and depression and had a poor memory either due to his medicine, his wartime service, or from a mental illness. He argues such factors should have mitigated his sentence toward the lower end of the sentencing range. Mouton contends he was not reminded of his six-month check-in date as promised and was found in the same home he provided he would be living. He concludes that, although his five-year sentence was within the sentencing range, it was excessive in light of these facts.
In the present case, the trial judge stated that he had considered the sentencing guidelines under La.C.Cr.P. art. 894.1. He then sentenced Mouton to five years at hard labor without benefit of parole, probation, or suspension of sentence. Defense counsel orally objected to the sentence imposed. However, Mouton did not file a motion to reconsider sentence in the trial court below, nor did he make specific objections at the time of sentencing as required by La.C.Cr.P. art. 881.1. The failure to file a motion to reconsider sentence, or to state the specific grounds upon which the motion is based, limits a defendant to a review of the sentence only for constitutional excessiveness.[1] Mouton did not challenge the sentence in the trial court on the basis that the judge failed to comply with La.C.Cr.P. art. 894.1. Nevertheless, he is entitled to a review of his sentence for constitutional excessiveness.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive, even when it is within the applicable statutory [¿range, if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering.[2] In reviewing a sentence for excessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the court’s sense of justice. The trial judge is afforded wide discretion in determining sentences, and the court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed.[3] See also, La.C.Cr.P. art. 881.4(D). An appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed.
In considering whether the sentencing court abused its discretion, the reviewing court should consider 1) the nature of the crime; 2) the nature and background of the offender; and 3) the sentence imposed for similar crimes by the same court and other courts.[4] A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest *249 abuse of discretion.[5] The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate.[6]
La. R.S. 15:542.1.4(A)(1) provides (in part) that a person who fails to register, periodically renew and update registration, provide proof of residence or notification of change of address or other registration information, or provide community notification as required shall, upon first conviction, be fined not more than one thousand dollars and imprisoned with hard labor for not less than two years nor more than ten years without benefit of parole, probation, or suspension of sentence. Mouton’s sentence is less than mi-drange. Rather, Mouton received an 17illegally lenient sentence in that the mandatory fine was not imposed. In the present case, we do not find that the sentence imposed is constitutionally excessive. The record reflects Mouton had been convicted of several sex offenses and showed a recidivist history of sex offenses. We find no abuse of discretion in the five-year sentence. This assignment of error is without merit.
Our error patent review reveals, as indicated above, that Mouton received an illegally lenient sentence by the trial court’s failure to impose the fine mandated by La. R.S. 15:542.1.4. The appellate court may correct an illegal sentence at any time regardless of whether either party raises the issue. This authority is permissive rather than mandatory.[7] This Court has used that authority to notice the failure of the trial court to impose a mandatory fine and to remand the matter to the trial court for imposition of a mandatory fine. However, often in indigent defender matters, this Court has decided not to use this authority.[8]
In the present case, Mouton is represented on appeal by the Louisiana Appellate Project. Under the circumstances, we refuse to disturb Mouton’s sentence.
We find no other errors patent requiring correction by this Court. Therefore, Mouton’s conviction and sentence are affirmed.

AFFIRMED

. State v. Ragas, 07-3, p. 10 (La.App. 5 Cir. 5/15/07), 960 So.2d 266, writ denied, 07-1440 (La. 1/7/08), 973 So.2d 732, cert. denied, 555 U.S. 834, 129 S.Ct. 55, 172 L.Ed.2d 56 (2008).

. State v. Warmack, 07-311, p. 7 (La.App. 5 Cir. 11/27/07), 973 So.2d 104.

. Id.

. State v. Pearson, 07-332, pp. 15-16 (La.App. 5 Cir. 12/27/07), 975 So.2d 646.

. State v. Morgan, 10-416 (La.App. 5 Cir. 3/29/11) 63 So.3d 261.

. Id.

. See, La.C.Cr.P. art. 882; State v. Campbell, 08-1226, p. 8 (La.App. 5 Cir. 5/26/09), 15 So.3d 1076, writ denied, 09-1385 (La.2/12/10), 27 So.3d 842 (citing State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790).

. See, State v. McKenzie, 09-893 (La.App. 5 Cir. 2/15/11), 61 So.3d 54; State v. Horton, 09-250, p. 10 (La.App. 5 Cir. 10/27/09), 28 So.3d 370; State v. McGee, 09-102, p. 12 (La.App. 5 Cir. 9/29/09), 24 So.3d 235.