FREDERICKA HOMBERG WICKER, Judge.
| ¡.Defendant, Eric James, appeals his criminal sentences arguing that they are constitutionally excessive. For the following reasons, we find his assignment of error to be without merit and affirm his sentences and convictions.

STATEMENT OF THE CASE

On December 15, 2009, in case 09-6551, the Jefferson Parish District Attorney filed a bill of information charging Defendant in two counts with separate offenses. In the first count, the State alleged Defendant violated La. R.S. 14:95.1 by being a felon in possession of a firearm. The State alleged that Defendant had previously been convicted, in case number 96-8005, for the distribution of cocaine in violation of La. • R.S. 40:467. In the second count, the State alleged Defendant violated La. R.S. 40:967(F) by possessing cocaine in an amount in excess of 200 grams, but less than 400 grams. Defendant pled not guilty at his arraignment on January 12, 2010.
On October 13, 2010, Defendant withdrew his former pleas of not guilty and pled guilty as charged to counts one and two. Because Defendant pled guilty to the 1..¡charges against him, the facts underlying his convictions were not developed at a trial. At the time of Defendant’s plea, the judge informed Defendant that his sentence would be based in part upon his ability to abide by the home incarceration terms and conditions, his ability to remain drug and crime free, and other considerations.[1] Defendant was released back to home incarceration pending sentencing.[2] Minute entries reveal that on December 15, 2010 and January 11, 2011, Defendant had returned to prison for home incarceration violations, without yet having been *116 sentenced.[3]
On March 18, 2011, Defendant was sentenced, on count one, to 15 years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence and, on count two, to 30 years imprisonment at hard labor. The sentences were ordered to run concurrently with each other and with other sentences the trial court imposed that day in case numbers 06-365, 06-4522 and 09-6552.[4]
Defendant thereafter filed a motion to reconsider sentence. This motion was denied after a hearing on April 20, 2011. On March 14, 2013, Defendant filed an application for post-conviction relief, which the trial court interpreted and granted as a request for an out-of-time appeal on April 17, 2013. Defendant’s appeal now follows.

DISCUSSION

l4In his sole assignment of error, Defendant argues the trial court erred in imposing his sentences because his sentences were constitutionally excessive. Defendant contends that the sentences imposed were grossly disproportionate to the offenses and inflict needless pain and suffering upon him. Defendant also argues that the court did not consider sentencing factors in his case.
In response, the State argues that Defendant’s sentence is not excessive in light of defendant’s previous convictions and the fact that Defendant’s sentence is within the statutory parameters.
The sentencing range for a defendant found guilty of possession of a firearm by a convicted felon is imprisonment at hard labor for not less than ten, nor more than twenty years, without the benefit of probation, parole, or suspension of sentence. La. R.S. 14:95.1. The law also mandates that a person so convicted “be fined not less than one thousand dollars nor more than five thousand dollars.” Id.
The sentencing range for a defendant found guilty of possession of cocaine in excess of 200 grams, but less than 400 grams, is a term of imprisonment at hard labor of not less than ten years, nor more than thirty years. La. R.S. 40:967(F)(l)(b). The law also mandates that a person so convicted be fined “not less than one hundred thousand dollars, nor more than three hundred fifty thousand dollars.” Id.
On March 18, 2011, Defendant was sentenced to fifteen years on count one for violating La. R.S. 14:95.1. He was also sentenced to the statutory maximum period of imprisonment, thirty years on count two for violating La. R.S. 40:967(F)(1)(b). At the hearing on Defendant’s motion to reconsider sentence, Defendant’s attorney argued that his sentence of thirty years on the second count, for distributing cocaine in excess of 200, but less than 400, grams, was excessive in light of the fact that it *117 was result of a plea deal. Defendant’s attorney however | ¡¡conceded that the court may consider Defendant’s prior criminal record and the fact that the State chose not to charge Defendant as a multiple offender. The trial court denied the motion for reconsideration of sentence without reasons.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1, 4. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. Id. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Lawson, 04-334 (La.App. 5 Cir. 9/28/04), 885 So.2d 618, 622.
A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside, absent a manifest abuse of discretion. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. State v. Dorsey, 07-67 (La.App. 5 Cir. 5/29/07), 960 So.2d 1127, 1130.
Three factors are considered in reviewing a trial court’s sentencing discretion: 1) the nature of the crime; 2) the nature and background of the offender; and, 3) the sentence imposed for similar crimes by the same court and other courts. State v. Stewart, 03-920, p. 16 (La.App. 5 Cir. 1/27/04), 866 So.2d 1016, 1027-28, writ denied, 04-449 (La.6/25/04), 876 So.2d 832. The reviewing court must keep in mind that maximum sentences should only be imposed on the most egregious offenders. State v. Guajardo, 428 So.2d 468, 473 (La.1983).
Louisiana courts have previously upheld as constitutional sentences of fifteen years for violating La. R.S. 14:95.1 and a sentence of thirty years |(iimprisonment for violating La. R.S. 40:967. State v. Caffrey, 08-717 (La.App. 5 Cir. 5/12/09), 15 So.3d 198, writ denied, 09-1305 (La.2/5/10), 27 So.3d 297; State v. Furgerson, 34,344 (La.App. 2 Cir. 3/2/01), 781 So.2d 1268, writ denied, 01-1102 (La.3/22/02), 811 So.2d 921.
In Caffrey, supra, the defendant was convicted of violating La. R.S. 14:95.1 and sentenced to 15 years at hard labor without the benefit of parole, probation, or suspension of sentence. Id. At the time, this was the maximum period of incarceration permitted by La. R.S. 14:95.1. This Court found that the sentence was not constitutionally excessive, taking into account the defendant’s prior conviction for possession of cocaine, and his guilty pleas to possession of cocaine and possession of marijuana on the same date that he pled guilty to being a felon in possession of a firearm. Id. at 204 (citing State v. Warmack, 07-311 (La.App. 5 Cir. 11/27/07), 973 So.2d 104,109).
In Furgerson, supra at 1280-81, the court affirmed the defendant’s 30-year sentence for violating La. R.S. 40:967(F)(l)(b), after concluding that the record reflected the defendant’s “history, felonious past, crime of conviction, and the harm done to society.”
In the present case, Defendant had a prior conviction for possession of cocaine as well as guilty pleas in other pending cases, made on the same date as Defendant’s guilty plea for count one, to charges of possession of cocaine, possession of marijuana, and possession of drug *118 paraphernalia. The record shows that the court was well aware of Defendant’s criminal history prior to his sentencing. Past records of drug offenses weigh heavily in the decision to uphold the imposition of maximum sentences. State v. Jones, 33,111 (La.App. 2 Cir. 3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385. In addition, the trial court found that at the time of his guilty plea, Defendant was in 17jail because a rule to revoke his home incarceration had been filed. As discussed above, at the time Defendant pled guilty, the trial court reminded him that his ability to abide by the home incarceration rules would be considered in determining his sentence. Furthermore, all throughout the time at and after his guilty plea, the State agreed to do no more than double bill him. In fact, the State has still not filed a multiple offender bill against Defendant to further increase his sentence on either count. Considering the facts and law in this case, we find that the trial court did not manifestly err in sentencing Defendant. This assignment of error is without merit.

ERRORS PATENT

The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals that both of Defendant’s sentences were illegally lenient because neither imposed the fine mandated by law.
Defendant’s conviction on count one, for La. R.S. 14:95.1(B), should have resulted in him being fined not less than one thousand dollars nor more than five thousand dollars. Defendant’s conviction on count two, for violating La. R.S. 40:967(F)(l)(b), should have resulted in him being fined not less than one hundred thousand dollars, nor more than three hundred fifty thousand dollars. The record shows that these fines were not imposed. This Court has the authority to correct an illegally lenient sentence. La. C. Cr. P. art. 882. This authority is permissive rather than mandatory. State v. Jordan, 02-820, p. 8 (La.App. 5 Cir. 12/30/02), 836 So.2d 609, 614.
Where a defendant is sentenced pursuant to a guilty plea, this Court has declined to correct an illegally lenient sentence, recognizing that the appellate court should refrain from employing errors patent review to set aside guilty pleas 18about which the defendant makes no complaint and that resulted in a disposition of the case favorable to the defendant. State v. Grant, 04-341 (La.App. 5 Cir. 10/26/04), 887 So.2d 596, 598.
In State v. Campbell, 08-1226 (La.App. 5 Cir. 5/26/09), 15 So.3d 1076, this Court declined to correct an illegally lenient sentence where the trial court failed to impose a mandatory fine in a sentence that was part of a plea bargain. We stated that where the defendant is indigent we have often declined to exercise our authority to correct illegally lenient sentences agreed upon as part of a plea bargain. Id.
In the case at bar, it appears Defendant is indigent. He is represented by the Louisiana Appellate Project, which provides appellate services for indigent criminal defendants in non-capital felony cases. See State v. McGee, 09-102 (La.App. 5 Cir. 9/29/09), 24 So.3d 235, 242. Additionally, Defendant’s sentence in the instant case resulted from a guilty plea. For these reasons, we refrain from exercising our authority to correct the illegally lenient sentence.

CONCLUSION

We find no merit in Defendant’s assignment of error and no error patent which requires corrective action. Based on the *119 foregoing, we hereby affirm Defendant’s conviction and sentence.

AFFIRMED.

. On the same date, Defendant pled guilty in three other cases, numbered: 06-365, for second offense possession of marijuana in violation of La. R.S. 40:966(c); 06-4522, for second offense possession of marijuana in violation of La. R.S. 40:966(c) (Count One) and possession of cocaine in violation of La. R.S. 40:967(c) (Count two); and, case number 09-6552, for possession of drug paraphernalia in violation of La. R.S. 40:1023.

. Sentencing was originally set for December 15, 2010.

. Minute entries from those dates also state that the trial court continued the date of Defendant’s sentencing past the originally set date of December 15, 2010.

. In case number 06-365, the trial court sentenced Defendant to five years, at hard labor, in the Department of Corrections.
In case number 06-4522, the trial court sentenced Defendant, on count one, to serve five years in the Department of Corrections, and on count two, to serve five years at hard labor.
In case number 09-6552, the trial court sentenced Defendant to six months in the Jefferson Parish Correctional Center.
The trial court ordered all of these sentences to be served concurrently with credit for time served from the date of the respective date of arrest in each of the cases. The trial court also ordered defendant to pay thirty-five dollars to the indigent defender board for each case, including this case, numbered 09-6551.