JUDE G. GRAVOIS, Judge.
| ¡¿Defendant, Carlo Muth, appeals his sentence for failing to comply with the registration requirements as a convicted sex offender. For the reasons that follow, we affirm defendant’s sentence and remand the matter to the trial court for correction of an error patent noted herein.

PROCEDURAL HISTORY

On March 28, 2013, the Jefferson Parish District Attorney filed a bill of information charging defendant, Carlo Muth, with failure to maintain his sex offender registration by failing to provide community notification, in violation of La. R.S. 15:542. On May 3, 2013, defendant was arraigned and entered a plea of not guilty to the charge. Following a trial by jury on September 17, 2013, twelve jurors unanimously found defendant guilty as charged. On September 26, 2013, after denying defendant’s motion for a new trial and in arrest of judgment, the trial court sentenced defendant to three years imprisonment at hard labor without the | ¡¡benefit of parole, probation, or suspension of sentence. Defendant’s motion to reconsider sentence was filed and denied that day. This timely appeal followed.

FACTS

On November 22, 2005, in the 25th Judicial District Court, Plaquemines Parish, defendant pled guilty to molestation of a juvenile in violation of La. R.S. 14:81.2. In conjunction with his guilty plea, defendant was fingerprinted and informed of the sex offender registration requirements.
Nearly seven years later, on October 17, 2012, in accordance with La. R.S. 15:542, defendant notified the Jefferson Parish *498 Sheriffs Office of his intent to establish residency in Jefferson Parish. On that date, defendant completed a Jefferson Parish Sheriffs Office sex offender registration form and was fingerprinted. As provided in La. R.S. 15:542.1(2)(a), defendant was informed that he had twenty-one days to notify the community of his status as a convicted sex offender.
Defendant, a commercial diver, alleged that he was experiencing financial difficulties in November of 2012 and could not afford the required $628.75 community notification fee. He reported his financial situation to Lieutenant Luis Munguia of the Jefferson Parish Sheriffs Office who supervised the sex offender registry. Lt. Munguia granted defendant an extension until January 18, 2013 to comply with all registration requirements. However, defendant remained non-compliant as of that date. On January 22, 2018, Lt. Munguia obtained a warrant for defendant’s arrest. In March, defendant moved back to Plaquemines Parish and, while attempting to register with the Plaquemines Parish Sheriffs Office on March 18, 2013, was arrested pursuant to the Jefferson Parish warrant. Defendant acknowledged that he had received a paycheck on Thursday, March 14, 2013, but|4made no effort to pay his community notification fee prior to his arrest on Monday, March 18.
Deputy Dona Quintanilla, an expert in the field of latent print examination with the Jefferson Parish Sheriffs Office, compared the fingerprints obtained from defendant at trial in the instant matter with the fingerprints obtained from defendant in connection with his underlying conviction for molestation of a juvenile in Plaque-mines Parish and the fingerprints obtained from defendant during the process of his sex offender registration in Jefferson Parish. Deputy Quintanilla testified that these latter sets of fingerprints matched the fingerprints obtained from defendant at trial.

ASSIGNMENT OF ERROR

In his sole assignment of error, defendant argues that his sentence is unconstitutionally excessive. Specifically, he claims that the trial court failed to consider mitigating or aggravating factors as set forth in La.C.Cr.P. art. 894.1. Defendant maintains that his sentence is excessive in light of the fact that his non-compliance resulted from his inability to afford the registration fee rather than a deliberate evasion of his registration obligation.
The failure to file a motion to reconsider sentence, or to state the specific grounds upon which the motion is based, limits a defendant to a bare review of the sentence for unconstitutional excessiveness. State v. Gatewood, 12-281 (La.App. 5 Cir. 10/30/12), 103 So.3d 627, 639. Defendant filed a motion to reconsider sentence, in which he argued that his sentence was excessive on account of his limited criminal history, his employment, and his maintaining a residence. On appeal, defendant argues that his sentence is unconstitutionally excessive because the trial court did not adequately consider the criteria set forth in La.C.Cr.P. art. 894.1.
| .^Defendant did not raise this issue below; he raises it for the first time on appeal. Consequently, this issue is precluded from appellate review. See State v. Brooks, 00-953 (La.App. 5 Cir. 2/11/03), 841 So.2d 854, 858; State v. Wickem, 99-1261 (La.App. 5 Cir. 4/12/00), 759 So.2d 961, 967-68, writ denied, 00-1371 (La.2/16/01), 785 So.2d 839; State v. Battie, 98-1296 (La.App. 5 Cir. 5/19/99), 735 So.2d 844, 855-56, unit denied, 750 So.2d 980 (La.1999). Nevertheless, even if defendant was not precluded from raising this issue on appeal, we note that the trial court’s failure to articulate every circum *499 stance listed in La.C.Cr.P. art 894.1 will not require a remand for re-sentencing if there is an adequate factual basis for the sentence contained in the record. Brooks, 841 So.2d at 858.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1, 4. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Lawson, 04-334 (La.App. 5 Cir. 9/28/04), 885 So.2d 618, 622.
A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. Indeed, the issue on appeal is not whether another sentence might have been more appropriate, but whether the trial court abused its discretion. State v. Dorsey, 07-67 (La.App. 5 Cir. 5/29/07), 960 So.2d 1127, 1130. If the record supports the sentence imposed, the appellate court shall not set aside a sentence for excessiveness. State v. Pearson, 07-332 (La.App. 5 Cir. 12/27/07), 975 So.2d 646, 656. In reviewing a trial court’s sentencing discretion, three factors are ^considered: (1) the nature of the crime; (2) the nature and background of the offender; and (3) the sentence imposed for similar crimes by the same court and other courts. Pearson, 975 So.2d at 656.
In the instant case, defendant was convicted of failing to provide community notifications, for which the penalty is a fine of not more than one thousand dollars and imprisonment at hard labor for not less than two nor more than ten years, without the benefit of parole, probation, or suspension of sentence. See La. R.S. 15:542.1.4(A)(1). Defendant was sentenced to three years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. Although defendant’s sentence is within statutory limits, it is nonetheless subject to review for unconstitutional excessiveness. Smith, 839 So.2d at 4.
Turning to the first of the factors considered in reviewing a trial court’s sentencing discretion, the nature of the crime, defendant was convicted of failing to comply with his sex offender registration requirements, namely, he neglected to notify the community of his status as a convicted sex offender. In considering the nature of this crime, the purpose of the law offers some insight. In State ex rel. Olivieri v. State, 00-0172 (La.2/21/01), 779 So.2d 735, the Louisiana Supreme Court interpreted the legislative intent of La. R.S. 15:540, et seq. The Court stated:
A careful review of the subjective intent enunciated in La. R.S. 15:540 shows that the Legislature enacted this state’s Megan’s Laws with an avowedly non-punitive intent. It is clear that the laws were enacted to protect communities, aid police in their investigation of sex offenders, and enable quick apprehension of sex offenders. These enactments were further founded on the findings of the Legislature that this legislation was of paramount governmental interest because: (1) sex offenders pose a high risk of engaging in sex offenses, (2) sex offenders have a high incidence of recidivism, and (3) unless there was registration and community notification, sex offenders could remain hidden and thereby increase the risk to public safety. Accordingly, it is apparent that the *500 intent of the Legislature was to alert the public for the purpose of public safety, a remedial intent, not to punish convicted sex offenders.
| ■jOlivieri, 779 So.2d at 747. Accordingly, it is apparent that defendant’s failure to notify the community of his status as a convicted sex offender served to increase the risk to public safety.
Next, considering the nature and background of the offender, the record reflects that defendant’s underlying criminal offense involved a felony conviction for the molestation of a juvenile. Defendant, as a 29-year-old, engaged in sexual conduct with a 14-year-old and pled guilty to molestation of a juvenile.
Lastly, considering the sentence imposed for similar crimes by the same court and other courts, our review reveals that the same underlying court (the 24th Judicial District Court) has imposed a five-year sentence at hard labor without benefits for the same offense. In State v. Mouton, 11-237 (La.App. 5 Cir. 11/15/11), 78 So.3d 245, 246, writ denied, 12-0443 (La.9/12/12), 98 So.3d 814, the defendant was convicted of failing to maintain his registration as a convicted sex offender and was sentenced under La. R.S. 15:542.1.4(A)(1) to five years at hard labor without the benefit of parole, probation, or suspension of sentence. He was not fined. On appeal, the defendant similarly argued that his sentence was excessive. This Court affirmed the sentence, noting that the prison term was less than midrange and was illegally lenient due to the omission of the mandatory fine, given that the defendant was a recidivist sex offender who had previously been convicted of several sex offenses. Mouton, 78 So.3d at 249.
In the instant case, although defendant has only one prior felony conviction and his instant conviction appears to stem from financial difficulty, we find that these mitigating factors are reflected in his sentence that is less than midrange and illegally lenient. Accordingly, we conclude that the trial court did not abuse its discretion in sentencing defendant to three years imprisonment at hard labor without benefits. This assignment of error is without merit.
| ^ERRORS PATENT REVIEW
The record was reviewed for errors patent in accordance with La.C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La.1975), and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). We note the following.
First, as noted above, defendant received an illegally lenient sentence when the trial court failed to impose the fine mandated by La. R.S. 15:542.1.4(A)(1). However, in cases of indigent defendants, this Court frequently declines to correct an illegally lenient sentence based upon the omission of a mandatory fine. See Mouton, 78 So.3d at 249. This Court typically notes a defendant’s indigent status by virtue of his being represented by the Louisiana Appellate Project. Id. In the instant case, since defendant is represented on appeal by the Louisiana Appellate Project, we decline to correct this aspect of his sentence.
Second, our review of the trial transcript reveals that the trial court failed to inform defendant of the prescriptive period for seeking post-conviction relief as required by La.C.Cr.P. art. 930.8(C). We typically correct this error patent by way of our opinion. See State v. Austin, 12-629 (La.App. 5 Cir. 3/13/13), 113 So.3d 306, 318, writ denied, 13-0673 (La.10/25/13), 124 So.3d 1092; State v. Cammatte, 12-55 (La.App. 5 Cir. 9/11/12), 101 So.3d 978, 986, unit denied, 12-1370 (La.10/26/12), 99 So.3d 644, and unit denied, 12-2247 (La.4/5/13), 110 So.3d 1075. Accordingly, *501 by this opinion, we advise defendant that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La.C.Cr.P. arts. 914 or 922.
Finally, we note that the State of Louisiana Uniform Commitment Order incorrectly reflects the adjudication date as September 26, 2013. The record indicates that defendant was convicted on September 17, 2013. In order to ensure Ran accurate record, we remand this matter for correction of the Uniform Commitment Order to reflect the correct adjudication date. See State v. Long, 12-184 (La.App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142. Further, we direct the Clerk of Court for the 24th Judicial District Court to transmit the original of the corrected Uniform Commitment Order to the officer in charge of the institution to which defendant has been sentenced and to the Department of Corrections’ Legal Department. Id. (citing La.C.Cr.P. art. 892(B)(2); State ex rel. Roland v. State, 06-0244 (La.9/15/06), 937 So.2d 846).

CONCLUSION

For the foregoing reasons, defendant’s conviction and sentence are affirmed and the matter is remanded to the trial court for correction of the Uniform Commitment Order.

AFFIRMED; REMANDED FOR CORRECTION OF COMMITMENT.