BONIN, J.,
concurs with reasons.
Li concur in the affirmation of Mr. Lewis’ convictions and the finding that the terms of imprisonment imposed as part of his sentence were not constitutionally excessive. With respect to the remand for imposition of the fine, however, I reluctantly join the majority opinion, but more especially note that the sentencing judge may yet suspend the payment of the fine.
Because (1) the United States Supreme Court has determined that there is no constitutional prohibition against increasing an appealing defendant’s sentence in the absence of a cross-appeal by the prosecution,[1] (2) the Louisiana Supreme Court *1265 considers an illegal sentence favorable to the defendant to be a patent error under La.C.Cr.P. art. 920(2) and authorizes the intermediate appellate courts to remand for re-sentencing,[2] and (8) we have by en banc vote decided for our circuit that the required remedy for the patent error is remand to the district court for ^imposition of the fíne,[3] I am obliged to join in the remand for re-sentencing despite any disagreement or reservation I may have about the three controlling principles which are dispositive of this point.
Nevertheless it is clear from the explicit language of the sentencing provision set forth in La. R.S. 14:S2.1B that it is only “the sentence of imprisonment” and not the mandatory fine which may not be suspended under the circumstances of this case. Importantly, we do not view a sentencing judge’s decision to impose a mandatory fine and subsequently suspend its enforcement to be reviewable as a patent error. See State v. Major, 08-0861, pp. 4-5 (La.App. 4 Cir. 12/10/08), 1 So.3d 715, 719. See also, e.g., State v. Hills, 626 So.2d 452, 453 (La.App. 4th Cir.1993). And a defendant’s indigency at the time of sentencing is surely a legal basis for the sentencing judge to suspend the enforcement or collection of the fine. See State v. Muth, 13-1003, p. 4 (La.App. 5 Cir. 6/24/14), 145 So.3d 495, 500; State v. James, 13-666, pp. 7-8 (La.App. 5 Cir. 2/12/14), 136 So.3d 113, 118. See also La.C.Cr.P. art. 893 B(1)(a)(ii) (court may suspend sentence in whole or part when it appears suspension is in best interests of the public and the defendant).
laThus, on remand, the sentencing judge may impose the mandatory fine but suspend its enforcement and collection.

. See Bozza v. United States, 330 U.S. 160, 166-67, 67 S.Ct. 645, 91 L.Ed. 818 (1947) ("The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner.”). See also Jones v. Thomas, 491 U.S. 376, 387, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989); State v. Williams, 00-1725, pp. 8-10 (La.11/28/01), 800 So.2d 790, 797-98 (noting that "[w]hen an illegal sentence is corrected, even though the corrected sentence is *1265 more onerous, there is no violation of the defendant's constitutional rights”).

. See Williams, 00-1725, p. 11, 800 So.2d at 799 n. 7; State v. Haynes, 04-1893 (La. 12/10/04), 889 So.2d 224 (per curiam). See also State v. Simms, 13-0575, pp. 13-14 (La.App. 4 Cir. 6/18/14), 143 So.3d 1258, 1267, citing State v. Martin, 10-1356, p. 3 (La.App. 4 Cir. 8/24/11), 72 So.3d 928, 932.

. See State v. Williams, 03-0302, pp. 3-4 (La.App. 4 Cir. 10/6/03), 859 So.2d 751, 753, citing State v. Legett, 02-0153, pp. 3-4 (La. App. 4 Cir. 5/22/02), 819 So.2d 1104, 1105-06; State v. Hall, 02-1098, pp. 5-6 (La.App. 4 Cir. 3/19/03), 843 So.2d 488, 494. It is notable that the other four circuits, however, interpret the language of La.C.Cr.P. art. 882 A ("may be corrected”) to permit those intermediate appellate courts to exercise their discretion by refraining from correcting illegally lenient sentences favorable to defendants under particular circumstances, such as (like here) the indigency of the defendant. See State v. Hollingsworth, unpub., 12-1035, p. 3 (La.App. 1 Cir. 2/15/13), 2013 WL 595926; State v. Fuller, 48,663, pp. 7-8 (La.App. 2 Cir. 12/11/13), 130 So.3d 960, 964-65; State v. Jones, 48,505, p. 6 (La.App. 2 Cir. 11/20/13), 128 So.3d 622, 626; State v. Brown, unpub., 47,580, pp. 2-3 (La.App. 2 Cir. 1/16/13), 2013 WL 163759, *2; State v. Pena, 43,321, p. 12 (La.App. 2 Cir. 7/30/08), 988 So.2d 841, 849-50; State v. M.L.M., 07-757, p. 2 (La.App. 3 Cir. 1/30/08), 974 So.2d 905, 907; State v. Figueroa, 03-1390, pp. 2-3 (La.App. 3 Cir. 3/31/04), 869 So.2d 957, 959; State v. DeVille, 11-88, pp. 8-9 (La.App. 3 Cir. 10/5/11), 74 So.3d 774, 781; State v. Mouton, 11-237, pp. 6-7 (La.App. 5 Cir. 11/15/11), 78 So.3d 245, 249; State v. Davis, 13-313, pp. 16-17 (La.App. 5 Cir. 10/30/13), 128 So.3d 1195, 1204-05; State v. James, 13-666, pp. 7-8 (La.App. 5 Cir. 2/12/14), 136 So.3d 113, 118; State v. Muth, 13-1003, p. 4 (La.App. 5 Cir. 6/24/14), 145 So.3d 495, 500; State v. Campbell, 08-1226, p. 8 (La.App. 5 Cir. 5/26/09), 15 So.3d 1076, 1081.