SUSAN M. CHEHARDY, Chief Judge.
lain this second appeal, defendant, Willie Jones, seeks review of his sentence imposed on remand for compliance with Miller v. Alabama, 567 U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). For the reasons that follow, we affirm defendant’s sentence and remand for correction of errors patent.
PROCEDURAL HISTORY
On March 15, 2012, a Jefferson Parish jury convicted defendant for the second degree murder of Perry Noel. Pursuant to La. R.S. 14:30.1, defendant was sentenced to life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. On May 23, 2013, this Court affirmed defendant’s conviction, but vacated the portion of his sentence that prohibited parole eligibility, as defendant was a juvenile at the time of the offense,[1] *715 and remanded the case to the district court for resentencing “in a manner allowing parole eligibility in accordance with the principles annunciated in Miller v. Alabama.” State v. Jones, 12-788 (La.App. 5 Cir. 5/23/13), 165 So.3d 74, 93. On February 28, 2014, the Louisiana Supreme Court granted certiorari, finding this Court erred “in ordering that the trial court resentence defendant ‘in a manner allowing parole eligibility in accordance with the principles annunciated in Miller.’ ” State v. Jones, 13-2039 (La.2/28/14), 134 So.3d 1164. The court ordered:
On remand of the case, the trial court is directed to hold a hearing in compliance with La.C.Cr.P. art. 878.1, implementing the Miller decision in Louisiana, before resentencing defendant to a term of life imprisonment at hard labor that, in the court’s discretion, after considering any aggravating and mitigating evidence relevant to the offense or the character of defendant, may, or may not, be subject to parole eligibility pursuant to the provisions of La. R.S. 15:574.4(E).

Id.

Defendant’s Miller hearing was held on October 29, 2014, wherein the defense offered the testimony of defendant’s mother, Stacey. Jones. Ms. Jones explained that she is a single working mother of three children. She testified that during defendant’s childhood, defendant’s father, an abuser of drugs and alcohol, physically abused her in front of her children, forcing her and her children to seek shelter with various family members and friends. Defendant has not had a relationship with his father.
Ms. Jones further explained that defendant suffered physical abuse as a child. In one instance when he was five years old, he- was badly beaten by a family friend in whose care he had been entrusted. During the third grade, defendant was repeatedly beaten up by classmates and did not fight back until the end of the year when he threatened his bullies with a knife. Despite this, he remained a straight-A student, though he had not obtained a high school diploma or GED at the time of-his Miller hearing.
With respect to the facts of this case, Ms. Jones suggested her son’s action was justifiable, explaining that the victim, who was confrontational and an abuser [4of alcohol and drugs, bullied defendant for years. In support of granting defendant parole eligibility, Ms. Jones stated:
Willie is very hard working. , He had a job for two years at Popeye’s. He would go every day. He would ride his bike. If he wouldn’t have a ride, he would walk there and he work. The people say he was very well mannered. He was respectful. Anything you asked Willie to do, Willie would do;
In addition to the testimony of defendant’s mother, the court also considered written correspondence seeking compassion and mercy for defendant on the basis that he likely did not understand the ramifications of his actions due to his young age and immaturity. After the presentation of evidence, the court heard argument from the State and defense, during which the defense requested the mandatory minimum sentence of life with parole eligibility after thirty-five years. The court took the matter under advisement.
On December 15, 2014, the court granted the defense’s request and sentenced defendant to life' imprisonment [at hard labor][2] with parole eligibility after thirty- *716 five years in accordance with La. R.S. 15:574.4(E). Before imposing sentence, the court stated: “The Court, after considering the entire record in the matter, the testimony and the argument of counsel, the Court has determined that it would be appropriate to resentence Mr. Jones on the provisions of Louisiana Revised Statute 15:574.4, in particular, Paragraph E.”
On January 16, 2015, defendant filed a motion to reconsider sentence and motion for appeal, both of which were untimely. See La.C.Cr.P. art. 881.1(A); La.C.Cr.P. art. 914(B). On January 28, 2015, the district -court denied defendant’s motion to reconsider sentence and granted his motion for appeal. Although 1 .-defendant’s appeal is untimely, we address the merits in the interest of judicial economy.
DISCUSSION
On appeal, defendant raises one counseled and five pro se assignments of error. In his counseled assignment, defendant argues that his sentence, is excessive because the district court imposed the maximum penalty[3] without providing reasons therefor in contravention of La.C.Cr.P. art. 894.1 and Miller. Defendant requests thht his sentence be vacated and the matter remanded to the district court for reconsideration of and/or justification for the sentence imposed.
-Both the Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive and cruel punishment. State v. Lawson, 04-334 (La.App. 5 Cir. 9/28/04), 885 So.2d 618, 622, writ denied, 05-0244 (La.12/9/05), 916 So.2d 1048. A sentence is- considered excessive, even when it is within the applicable statutory range, if it is grossly disproportionate to the seriousness of the offense or imposes needless and purposeless pain and suffering. In reviewing a sentence for excessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the court’s sense of justice. State v. Payne, 10-46 (La.App. 5 Cir. 1/25/11), 59 So.3d 1287, 1294, writ denied, 11-0387 (La.9/16/11), 69 So.3d 1141. The trial judge is afforded wide discretion in determining sentences, and the court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed. State v. Berry, 08-151 (La.App. 5 Cir. 6/19/08), 989 So.2d 120, 131, writ denied, 08-1660 (La.4/3/09), 6 So.3d 767.
LFor those offenders convicted of second degree murder in Louisiana, La. R.S. 14:30.1 mandates a sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. In 2012, the United States Supreme Court found unconstitutional state sentencing schemes that mandate life imprisonment without parole for offenders under the age of eighteen at the time they committed a homicide offense. See Miller v. Alabama, supra. This holding does not establish a categorical prohibition against life imprisonment without parole for juvenile homicide offenders; it simply requires a sentencing court consider an offender’s youth and attendant characteristics as mit *717 igating circumstances before deciding whether to impose the harshest penalty for juveniles convicted of a homicide offense. See State v. Williams, 12-1766 (La.3/8/13), 108 So.3d 1169. As the Miller Court stated: “[W]e require [a sentencing court] to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison.” Miller, supra at 2469.
In response to Miller, the Louisiana legislature enacted La.C.Cr.P. art. 878.1 in 2013. That article, which became effective on August 1,2013, provides:
A. In any case where an offender is to be sentenced to life imprisonment for a conviction of first degree murder (R.S. 14:30) or second degree murder (R.S. 14:30.1) where the offender was under the age of eighteen years at the time of the commission of the offense, a hearing shall be conducted prior to sentencing to determine whether the sentence shall be imposed with or without parole eligibility pursuant to the--provisions of R.S. 15:574.4(E).[4]
|7B. At the hearing, the prosecution and defense shall be allowed to introduce any aggravating and mitigating evidence that is relevant to the charged offense or the character of the offender, including but not limited to the facts and circumstances of the crime, the criminal history of the offender, the offender’s level of family support, social history, and such other factors as .the court may - deem relevant.. Sentences imposed without parole eligibility, should normally be reserved for the worst offenders and the worst cases.
We now consider defendant’s argument that his. sentence is. excessive because the district court imposed the maximum penalty[5] without providing reasons therefor in contravention of La.C.Cr.P. art. 894.1 and Miller.
*718 First, we note that defendant did not raise the issue of non-compliance with La. C.Cr.P. art. 894.1 in his motion to reconsider sentence, and so is precluded from raising it for the first time on appeal. See State v. Muth, 13-1003 (La.App. 5 Cir. 6/24/14), 145 So.3d 495, 498. Yet even if this issue had been properly preserved for appellate review, we note that a district court’s failure to articulate every circumstance listed in La.C.Cr.P. art. 894.1 will not require a remand for resentencing if there is an adequate factual basis for the sentence contained in the record. Id. at 498-99. Second, Miller does not require a sentencing court to articulate all mitigating factors on the record. Rather, Miller “merely mandates a hearing at which youth-related mitigating factors cari be presented to the sentencer and considered in making a determination of whether the life sentence imposed upon a juvenile killer should be with or without parole eligibility.” State v. Fletcher, 49,303 (La.App. 2 Cir. 10/1/14), 149 So.3d 934, 943, writ denied, 14-2205 (La.6/5/15), 171 So.3d 945. The record before us demonstrates compliance with Miller and an adequate factual basis for the sentence imposed.
At defendant’s Miller hearing, the defense presented mitigating evidence in the form of testimony from defendant’s mother describing defendant’s difficult childhood and troubled family background. The court also considered written correspondence seeking mercy on account of defendant’s youth and immaturity. The court further considered aggravating factors set forth by the State, which included the facts and circumstances of the crime that the murder was not committed in self-defense, but that defendant stole the gun to shoot the unarmed victim in the street, endangering innocent bystanders.
Notably, the record reflects that the judge presiding over defendant’s Miller hearing also had presided over defendant’s trial. Thus, the judge had a comprehensive understanding of both the facts -of the case-and defendant’s circumstances. After due consideration, the judge determined that defendant deserved the mandatory minimum sentence for second degree murder committed by a juvenile.
A mandatory minimum sentence may be reviewed for constitutional excessiveness. State v. Tassin, 11-1144 (La.App. 5 Cir.2013), 129 So.3d 1235, 1265, writ denied, 14-0284 (La.9/19/14), 148 So.3d 950. While a mandatory minimum sentence is presumed constitutional, this presumption may be rebutted if the defendant can show that he is exceptional. Id. This requires the defendant to demonstrate that because of unusual circumstances he is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to,the culpability of the offender, the gravity of the offense, and the circumstances. Id.
We do not find that defendant has demonstrated his case is exceptional such that he is entitled to a downward departure from the mandatory minimum sentence. |9In fact, in other Miller cases involving juvenile-defendants convicted of second degree murder, the defendants received the maximum sentence of life without -parole. See State v. Davis, 15-118 (La.App. 5 Cir. 6/30/15), 171 So.3d 1223 (defendant convicted of four counts of second degree murder, including two juvenile victims); State v. Smoot, 13-453 (La.App. 5 Cir. 1/15/14), 134 So.3d 1, writ denied, 14-0297 (La.9/12/14), 147 So.3d 704 (defendant convicted of second degree murder for shooting an elderly, homeless, HIV-positive drug addict, multiple times over a stereo); State v. Wilson, 14-1267 (La.App. 4 Cir. 4/29/15), 165 So.3d 1150 (defendant convicted of second degree murder for shooting the victim multiple times during a car *719 jacking); State v. Fletcher, 49,303 (La.App. 2 Cir. 10/1/14), 149 So.3d 934, writ denied, 14-2205 (La.6/5/15), 171 So.3d 945 (defendant convicted of two counts of second degree murder for shooting both of his parents in their faces); State v. Brooks, 49,033 (La.App. 2 Cir. 5/7/14), 139 So.3d 571, writ denied, 14-1194 (La.2/13/15), 159 So.3d 459 (defendant convicted of second, degree murder for participating in a gunfight which resulted in the death of an innocent juvenile bystander). By contrast, defendant’s mandatory minimum sentence suggests that the district court found mitigating factors in defendant’s' case and meaningfully tailored his sentence to his culpability.
We do not find an abuse of the district court’s broad sentencing discretion in imposing the mandatory minimum sentence.
This assignment of error is without merit.
In defendant’s five pro se assignments of error, he submits interrelated arguments regarding his alleged excessive sentence. The arguments submitted in pro se assignments of error numbers one, three, and four are addressed above in | inour discussion of defendant’s counseled assignment of error. Below we address the arguments raised in pro se assignments of error numbers two and five.
In these assignments, defendant argues that his sentence constitutes an ex post facto application of the law because Miller was decided after his conviction and original sentencing. He also alleges that his sentence violates the fair notice requirement of the Fifth Amendment’s due process clause because it was based upon Miller, which was improperly retroactively applied to his case. He further claims that because the mandatory sentencing provision under which he was originally sentenced was ruled unconstitutional, his sentence is illegal and he should be resen-tenced according to the penalties provided for the lesser responsive verdict of manslaughter. Yet, while defendant submits that Miller does not apply to his case, he also asserts that the considerations set forth under Miller should be considered when resentencing him to the next lesser responsive verdict. Accordingly, defendant concludes that this Court should correct his “illegal” sentence, as it violates state and federal ex post facto clauses as well as the Fifth Amendment’s fair notice requirement, and that he should be resen-tenced under the manslaughter statute with Miller considerations taken into account.
First, regarding defendant’s ex post fac-to and “fair notice” claims, both of which concern the retroactive applicability of Miller, the Louisiana Supreme Court specifically found Miller applicable to defendant’s case, holding that “[djefendant is entitled to the benefit of the decision in [Miller ] because his case was in the direct review pipeline when Miller was decided.” Jones, 134 So.3d at 1164 (citing Griffith v. Kentucky, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987); State v. Tate, 12-2713 (La.11/5/13), 130 So.3d 829). Since the Louisiana Supreme Court has made a legal finding on this issue, as an intermediate appellate court, we cannot find otherwise. See State v. Thomas, 10-220 (La.App. 5 Cir. 11/9/10), 54 So.3d 678, 686, writs denied, 10-2758 (La.4/25/11), 62 So.3d 89 and 10-2752 (La.5/20/11), 63 So.3d 974 (holding that intermediate appellate courts are obliged to follow the Louisiana Supreme Court). Consequently, we find no merit to this argument.
Next, defendant argues that he should have been resentenced to the lesser responsive verdict of manslaughter because the mandatory sentencing provision under which he was originally sentenced was ruled unconstitutional. In support of this *720 argument, defendant relies in part on State v. Craig, 340 So.2d 191 (La.1976), wherein the Louisiana Supreme Court held that the mandatory death sentence for aggravated rape was unconstitutional-and that the appropriate remedy to correct this illegal sentence was to remand for resentencing to the most serious penalty for the next lesser responsive verdict.
The Louisiana Supreme Court- addressed- a similar argument in an analogous scenario in State v. Shaffer, 11-1756 (La.11/23/11), 77 So.3d 939. There, in consolidated writ applications, three-relators sought review of the denial of their motions to correct an illegal sentence and relief from their terms of life imprisonment at hard labor following their convictions of aggravated rape committed while juveniles.[6] Relators asserted that their sentences must- be vacated pursuant to Graham v. Florida, 560 U.S. 48, 120 S.Ct. 2011, 176 L.Ed.2d 825 (2010), in which the United States Supreme Court held that the Eighth Amendment precludes sentencing a juvenile to life imprisonment without the possibility of parole for a non-homicide offense. Relators further argued, relying in part on Craig, supra, that the appropriate remedy was to be resentenced according to the penalties provided for the next lesser responsive verdict of attempted, aggravated rape. See Shaffer, 11 So.3d at 941, n. 3.
112The Shaffer court agreed that relators’ sentences must comply with Graham, but rejected relators’ proposed solution. See Shaffer, 11 So.3d at 941. Rather, to bring relators’ sentences into compliance with Graham, the court ordered:
We therefore amend the sentence of relator Dyer to delete the restriction on parole eligibility. The Department of Corrections is directed to revise relator Dyer’s prison master to reflect that his sentence is no longer,without benefit of parole. Further, the Department is directed to revise relators’ prison masters according to the criteria .in La. R.S. 15:574.4(A)(2) to reflect an .eligibility date for consideration by the Board of Parole; We reiterate that this Court is not ordering relators released on parole. .The determination of whether relators may be released on parole falls within the exclusive purview of the Board of Parole, charged with the duty of ordering parole “only for the best interest of society, not as an award of clemency.” La. R.S. 15:574.4.1(B). Access to the Board’s consideration will satisfy the mandate of Graham.
Id. at 942-43.
Although the Shaffer court did not expressly overrule Craig, its rejection of relators’ proposed Craig remedy is instructive. See State v. Walder, 12-0051 (La.App. 1 Cir. 9/24/12), 104 So.3d 137, 141, writ denied, 12-2534 (La.4/19/13), 111 So.3d 1032. Similarly, in-the instant case, we -reject defendant’s contention that the appropriate remedy is to resentence him to the next lesser responsive verdict of manslaughter. Rather, the remedy for noncompliance with Miller is to remand the matter for the sentencing court to reconsider defendant’s sentence after conducting a hearing to consider defendant’s youth and attendant characteristics as mitigating circumstances before deciding whether to impose the harshest penalty for juveniles convicted of a homicide offense. See Williams, 108 So.3d at 1169. Defendant already received this relief on remand. This claim is without merit.
ERRORS PATENT
The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; *721 State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).[7] Thé following requires corrective action.
The State of Louisiana Uniform Commitment Order does not contain the date of defendant’s resentencing: December 15, 2014. Also, the “Sentence” portion of the uniform commitment order does not reflect defendant’s sentence of life imprisonment. Nor does it reflect defendant’s parole eligibility pursuant to La. R.S. 15:574.4(E).
Accordingly, this matter is remanded for correction of the uniform commitment order to reflect the date of defendant’s re-sentencing, defendant’s life sentence, and his parole eligibility under La. R.S. 15:574.4(E). See State v. Lyons, 13-564 (La.App. 5 Cir. 1/31/14), 134 So.3d 36, writ denied, 14-0481 (La.11/7/14), 152 So.3d 170. The Clerk of Court for the 24th Judicial District Court is directed to transmit the original of the corrected uniform commitment order to the officer in charge of the institution to which defendant has been sentenced and the Department Of Corrections’ legal department. La.C.Cr.P. art. 892(B)(2); State v. Long, 12-184 (La.App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142.
DECREE
For the foregoing reasons, defendant’s sentence is affirmed and the matter is remanded for correction of the uniform commitment order.

AFFIRMED: REMANDED FOR CORRECTION OF COMMITMENT

. Defendant's date of birth is April 9, 1993. Defendant was seventeen years old at the time the offense was committed on April 29, 2010.

. Although the sentencing judge neglected to state on the record that defendant’s sentence was to be served at hard labor, the minute entry so reflects. ■ Because defendant was sen- *716 tericed pursuant to La. R.S. 14:30.1, his sentence is necessarily at hard labor. See State v. Laviolette, 06-92 (La.App. 5 Cir. 9/26/06), 943 So.2d 527, 537, writ denied, 06-2585 (La.5/18/07), 957 So.2d 149.

. Although defendant asserts that he received the maximum sentence, the record reflects that defendant in fact received the mandatory minimum sentence for the offense of second degree murder committed by a juvenile.
See La.C.Cr.P. art. 878.1(A); La. R.S. 15:574(E).

. La. R.S. 15:574(E) provides in pertinent part:
(1) Notwithstanding any provision of law to the contrary, any person serving a sentence of life imprisonment for "a conviction of first degree murder (R.S. 14:30) or second degree murder (R.S. 14:30.1) who was under the age of eighteen years at the time of the commission of the offense shall be eligible for parole consideration pursuant to the provisions of this Subsection if a judicial determination has been made that the person is entitled to parole eligibility pursuant to Code of Criminal Procedure Article 878.1 and all of the following conditions have been met: •
(a) The offender has served,thirty-five years of the sentence imposed.
(b) The offender has not committed any major disciplinary offenses in the twelve consecutive months prior .to the parole hearing date. A major disciplinary offense is an offense identified as a Schedule B offense by the Department of Public Safety and Corrections in the Disciplinary Rules and Procedures for Adult Offenders.
(c) The offender has completed the mandatory minimum of one hundred hours of prerelease programming in accordance with R.S. 15:827.1.
(d) The offender has completed substance abuse treatment as applicable.
(e) The offender has obtained a GED certification, unless the offender has previously obtained a high school diploma or is deemed by a certified educator as. being incapable of obtaining a GED certification due to a learning disability. If the offender is deemed incapable of obtaining a GED certification, the "offender shall complete at least one of- the following:'
(i) A literacy program.
(ii) An adult basic education program.
(iii) A job skills training program.
(f) The offender has obtained a low-risk level designation determined by a validated risk assessment instrument approved by the secretary of the Department of Public Safety and Corrections.
(g) The offender has completed a reentry program to be determined by the Department of Public Safety and Corrections.

. See n. 3, supra.

. The sentences for relators Shaffer and Lea-son did not expressly preclude eligibility for parole, as did the sentence for relator Dyer. Shaffer, 11 So.3d at 940.

. As this is defendant’s second appeal, he is not entitled to a second errors patent review of his underlying conviction and sentence. See State v. Evans, 09-0477 (La.App. 5 Cir. 12/29/09), 30 So.3d 958, 969, writ denied, 10-0363 (La.3/25/11), 61 So.3d 653. Defendant is limited to a 'review for errors patent in the proceedings conducted on remand. See id.