PITMAN, J.
^Defendant David D. Jones pled guilty to two counts of knowingly and intentionally distributing a Schedule II controlled dangerous substance (cocaine) and to one count of knowingly and intentionally distributing a Schedule I controlled dangerous substance (marijuana). He was sentenced on each count to serve 20 years, with the sentences to run concurrently. Defendant appeals his sentences as excessive. For the following reasons, we affirm.

FACTS

On March 15, 2011, Defendant sold cocaine and marijuana to a reliable confidential informant who was working for the Bienville Parish Sheriffs Department. On May 3, 2011, Defendant was formally charged by bill of information with two counts of knowingly and intentionally distributing a Schedule II controlled dangerous substance (cocaine) in violation of La. R.S. 40:967(A)(1) and to one count of knowingly and intentionally distributing a Schedule I controlled dangerous substance (marijuana) in violation of La. R.S. 40:966(A)(1).[1] Defendant waived formal arraignment and entered pleas of not guilty on all three counts.
On August 20, 2012, Defendant withdrew his former pleas of not guilty and pled guilty to all three counts. In exchange for his guilty plea, the state dismissed an additional distribution of cocaine charge in a separate docket number and agreed not to file a habitual offender bill of information.
|2On November 7, 2012, the trial court sentenced Defendant to 20 years on each count and ordered the sentences to run concurrently. On December 11, 2012, Defendant filed a motion to reconsider sentence, which was denied by the trial court. Defendant now appeals his sentences as excessive.

DISCUSSION

Defendant argues that the trial court erred in imposing unconstitutionally excessive sentences. He contends that the sentences serve no purpose other than needless imposition of pain and suffering because they do not provide him an opportunity for rehabilitation. Defendant emphasizes that his crime was a nonviolent crime and that he now understands the impact of his criminal conduct on his family and wants to provide for his family.
The state argues that Defendant’s sentences are not excessive, contending that Defendant received a “substantial benefit” from the state agreeing not to file a habitual offender bill of information. The state also argues that Defendant received mi-drange sentences and, considering his criminal history, could have received sentences resulting in life in prison.
When reviewing an excessive sentence claim, the appellate court uses a two-prong test. First, the trial record must demonstrate that the trial court com *625 plied with La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating and mitigating circumstance, but the record must reflect that the trial court adequately considered the guidelines of La. C. Cr. P. art. 894.1. State v. Smith, 438 So.2d 688 (La.1983). The trial court should | ^consider the defendant’s personal history and prior criminal record, the seriousness of the offense, the likelihood that the defendant will commit another crime and the defendant’s potential for rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981). The trial court is not required to assign any particular weight to any specific matters at sentencing. State v. Quiambao, 36,587 (La.App.2d Cir.12/11/02), 833 So.2d 1103, writ denied, 03-0477 (La.5/16/03), 843 So.2d 1130. When the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary, even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Landos, 419 So.2d 475 (La.1982).
Second, the appellate court must determine if the sentence is constitutionally excessive. A sentence is excessive and violates La. Const. Art. 1, § 20, if it is grossly out of proportion to the severity of the crime or is nothing more than the purposeless and needless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. Id. A trial court has wide discretion in imposing a sentence within the statutory limits, and a sentence should not be set aside absent a showing of abuse of discretion. State v. Square, 433 So.2d 104 (La.1983); State v. Black, 28,100 (La. App.2d Cir.2/28/96), 669 So.2d 667, unit denied, 96-0836 (La.9/20/96), 679 So.2d 430.
As to the first prong of the excessive-sentence test, the trial court complied with La. C. Cr. P. art. 894.1. The trial court stated that it reviewed [ 4the presen-tence investigation report, which includes information about Defendant’s personal history and criminal history; a letter to the court from Defendant; and the La. C. Cr. P. art. 894.1 factors. The trial court explained the possible sentencing range of 5 to 30 years[2] on each count and that the state had dismissed an additional charge of distribution of cocaine and agreed not to file a habitual offender bill.
During the sentencing hearing, the trial court emphasized Defendant’s criminal history, which includes additional drug offenses. In 1999, Defendant pled guilty to cruelty to animals and possession of marijuana and was sentenced to time served. In 2000, Defendant was convicted of possession of a Schedule II controlled dangerous substance (cocaine) with the intent to distribute, for which he received three years at hard labor and two years’ probation. While on probation in 2003, Defendant was charged with simple escape, aggravated escape, resisting an officer and possession of a firearm by a convicted felon. He was convicted of possession of a firearm by a convicted felon and attempted simple escape and was sentenced to ten years.
The trial court also noted that, in 2001, a jury found Defendant not guilty of distribution of a Schedule II controlled dangerous substance (cocaine). Additionally, in 2003, Defendant was arrested for tamper *626 ing with a jury, but a bill of information was not filed in that case.
As to the second prong of the excessive-sentence test, the concurrent 20-year sentences are not constitutionally excessive. The sentencing range |sfor the distribution of cocaine is a term of imprisonment for not less than 2 nor more than 30 years at hard labor, with the first 2 years of the sentence to be served without the benefit of parole, probation or suspension of sentence; a fine of not more than $50,000 is discretionary. La. R.S. 40:967(B)(4)(b). The sentencing range for the distribution of marijuana is a term of imprisonment for not less than 5 nor more than 30 years at hard labor with a fine of not more than $50,000. La. R.S. 40:966(B)(3). Considering Defendant’s criminal history and that he was not adjudicated a habitual offender, the sentences of 20 years are not grossly out of proportion to the severity of the crime and do not shock the sense of justice. The sentences imposed are within the statutory limits and are midrange sentences. The trial court chose to run the sentences concurrently, but had the discretion to run the sentences consecutively. Defendant benefitted from the plea bargain because his possible maximum sentence was reduced when the state agreed to dismiss one count of distribution of cocaine and agreed not to file a habitual offender bill. See State v. Duncan, 47,697 (La.App.2d Cir.1/16/13), 109 So.3d 921, writ denied, 13-0324 (La.9/13/13), 120 So.3d 280. We find that the trial court did not abuse its discretion in sentencing Defendant. Therefore, this assignment of error is without merit.

ERRORS PATENT

Our review of the record reveals two potential errors patent.
First, the trial court failed to order that the first two years of the sentences for distribution of cocaine be served without the benefit of | r,probation, parole or suspension of sentence, as required by La. R.S. 40:967(B)(4)(b). When the trial court fails to order that a portion of a sentence be served without benefits as statutorily mandated, the sentence will automatically be served without benefits for the requisite time period. State v. Gamer, 46,723 (La.App.2d Cir.11/2/11), 78 So.3d 186, citing La. R.S. 15:301.1(A); State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790; State v. Cooks, 36,613 (La.App.2d Cir.12/4/02), 833 So.2d 1034.
Second, the trial court failed to impose a fine of not more than $50,000 for the sentence for distribution of marijuana, as required by La. R.S. 40:966(B)(3), and, therefore, imposed an illegally lenient sentence. Pursuant to La. C. Cr. P. art. 882(A), an appellate court may correct an illegal sentence on review, but is not required to do so. See State v. Jones, 42,531 (La.App.2d Cir.11/7/07), 968 So.2d 1247. The state did not object to the trial court’s error, and Defendant is not prejudiced by the trial court’s failure to impose a mandatory fine. Thus, we decline to remand the case for correction of the sentence to include such a fine.

CONCLUSION

For the foregoing reasons, the convictions and sentences of Defendant, David D. Jones, are affirmed.
AFFIRMED.

. The original bill of information incorrectly categorized marijuana as a Schedule II controlled dangerous substance in Count Two and incorrectly categorized cocaine as a Schedule I controlled dangerous substance in Count 3. On August 20, 2012, the state orally amended the bill of information to correct these errors.

. The trial court misstated the minimum sentence for the cocaine charges as five years instead of two years.