LOLLEY, J.
| iThis criminal appeal arises from the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana. The defendant, Patrick Evan Mizell, pled guilty to aggravated secpnd degree battery, a violation of La. R.S. 14:34.7, and was sentenced to four years at hard labor. Mizell’s motion to reconsider sentence was denied, and he now appeals. For the following reasons, we affirm his conviction and sentence.
- . Facts
On June 8, 2011, an altercation occurred between Patrick Mizell and Lee Magouirk *1084 at the J-Mart gas station in West Monroe, -Louisiana. Magouirk confronted Mizell about a previous altercation between Mi-,zell and Ronald Hance. During the argument with Magouirk, Mizell retrieved an aluminum baseball bat from his truck and struck Magouirk on'the left side of the face. After-hitting Magouirk with the bat, Mizell left the scene. Emergency personnel arrived at J-Mart and began treating Magouirk, who was transported to St. Francis Medical Center by ambulance. According to medical records, Magouirk’s injuries included facial lacerations, requiring 25 stitches to close, and a fractured nose. :
Deputy Mark Graves, with the Ouachita Parish Sheriffs Department, interviewed witnesses in connection with the incident and reviewed surveillance footage captured by the cameras at J-Mart. Hance, Mago-uirk’s friend, was present when the incident occurred and informed Dep. Graves of Mizell’s identity. Other witnesses, including the J-Mart manager who called the police to the scene, reported seeing Mizell hit Magouirk in the face with a bat.
|¡¡Mizell was arrested in his home,on the same night the incident occurred and charged with one count of aggravated second degree battery. Subsequently, the state filed an amended bill of information charging Mizell with attempted second degree' murder. Ultimately, Mizell pled guilty to aggravated second degree battery, and the Bill of Information was amended a second time to reflect that charge. After "accepting Mizell’s plea, the trial court ordered a presentence investigation report (“PSI”).
During the sentencing hearing, the trial court heard victim impact statements from Magouirk and his parents. Magouirk’s struggle with drugs and alcohol as well as his “mental problems” and headaches were attributed to the injuries from the incident with Mizell. The trial court also received numerous letters of mitigation on behalf of Mizell, who was in college and appeared to be doing well., Before sentencing, the trial court articulated what it considered to, be the aggravating and mitigating factors under these circumstances and ordered a sentence of four years at hard labor. Mi-zell filed a motion t,o. reconsider sentence. A hearing was granted, and after a second review of the PSI and all of the aggravating and mitigating factors, the trial court ultimately declined to amend or reduce the sentence. Mizell now appeals.
Discussion
Mizell alleges four assignments of error in his appeal, all related to his sentence. Mizell maintains that the trial court erred by rendering an excessive sentence. He argues that the trial court failed to address factors in mitigation which would compel a lesser sentence and further argues there is | ¡¡no factual basis to justify the imposition of hard labor - under these circumstances, making his four-year hard labor sentence excessive and disproportionate. We disagree.
 The reviewing court does not determine whether another sentence would have been more appropriate, but whether the trial court abused its discretion. State v. Esque, 46,515 (La.App.2d Cir.09/21/11), 73 So.3d 1021, writ denied, 2011-2347 (La.03/09/12), 84 So.3d 551. In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court considered the criteria set forth in La. C. Cr, P. art. 894.1. State v. Robinson, 40,983 (La.App.2d Cir.01/24/07), 948 So.2d 379. A review of the sentencing guidelines does not require a listing of every aggravating or mitigating circumstance. State v. Cunningham, 46,664 (La.App.2d Cir.11/02/11), 77 So.3d 477. The articulation of the factual basis for the sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions; and, where the *1085 record clearly shows an adequate factual basis for the sentence, resentencing is. unnecessary even where there has not been full compliance with Article 894.1. State v. Fontenot, 49,885 (La.App.2d Cir.05/27/15), 166 So.3d 1215. The trial court has wide discretion in imposing a sentence within minimum and, maximum limits allowed by the statute; therefore, a sentence will not be set aside as excessive unless the defendant shows the trial court abused its discretion. State v. Young, 46,575 (La.App.2d Cir.09/21/11), 73 So.3d 473, writ denied, 2011-2304 (La.03/09/12), 84 So.3d 550.
|4A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Zeigler, 42,661 (La.App.2d Cir.10/24/07), 968 So.2d 875. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation, but the trial court is not required to weigh any specific matters over other matters. State v. Moton, 46,-607 (La.App.2d Cir.09/21/11), 73 So.3d 503, writ denied, 2011-2288 (La.03/30/12), 85 So.3d 113. Deterrence is a legitimate sentencing object, even though a defendant has demonstrated efforts to reform. State v. Lloyd, 42,793 (La.App.2d Cir.12/05/07), 973 So.2d 141.
Second, the court must determine whether the sentence is excessive under La. Const. Art. I, § 20. A sentence can be constitutionally excessive, even when it falls within statutory guidelines, if the punishment is so grossly disproportionate to the severity of the crime that it shocks the sense of justice or is nothing-more than a purposeless and needless infliction of pain and suffering. State v. Fatheree, 46,686 (La.App.2d Cir.11/02/11), 77 So.3d 1047. Where the defendant’s motion to reconsider sentence alleges mere excessiveness of sentence, on appeal the reviewing, court is limited to considering whether the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993); State v. Boyd, 46,321 (La.App.2d Cir.09/21/11), 72 So.3d 952.
If/The law in effect at the time of the commission of the offense is determinative of the penalty which is to be imposed upon the convicted defendant. State v. Parker, 2003-0924 (La.04/14/04), 871 So.2d 317. The incident for which Mizell was convicted occurred in 2011. At the time this offense was committed, La. R.S. 14:34.7 stated:
A. (1) Aggravated second degree battery is a battery committed with a dangerous weapon when the offender intentionally inflicts serious bodily injury. , .
(2) For purposes of this Section, “Serious bodily injury” means bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, ,or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death.
B. Whoever- commits the crime of aggravated second degree battery shall be fined not more than ten thousand dollars or .imprisoned, with or without hard labor, for not more than fifteen years, or both.
At the time of the incident, Mizell was a high school student, and, almost four years later, at the time of sentencing, he had graduated. from high school and was attending Delta Community College. He had no criminal record before or after this incident.
Mizell argues that some of the factors that the trial court considered aggravating should have been seen as mitigating. In particular, Mizell claims the trial court erred by listing the payment of Magouirk’s *1086 medical bills as an aggravating factor, when Mizell considered the payment mitigating. Mizell further argues that Mago-uirk’s claims of problems post-incident were too attenuated ánd should not have been considered by the court because he suffered from similar complaints prior to the incident. Mizell claimed Magouirk had a proclivity to head in the direction of drugs |fiand alcohol before the incident between them occurred. The record does show that Magouirk dropped out of high school in the ninth grade, suffered from acute sinusitis pre-incident, and was drinking on the date the incident occurred.
At sentencing, the trial court considered mitigating factors, such as Mizell’s cooperation during his arrest and his current well-being. However, the trial court emphasized'the particularly gruesome details of the injuries that Magouirk suffered as a result of being struck in the head with an aluminum bat. The trial court noted that Magouirk’s medical bills were paid for by Mizell’s parents’ home-owners insurance policy, and Mizell, personally, did not suffer any financial consequences as a result of his action. Such a determination was within the court’s discretion. After hearing the victim impact statements, the trial court was in the best position to weigh the credibility of claims that Magouirk’s issues with drugs and alcohol stemmed from the incident with Mizell.
During sentencing, the trial court noted that Mizell never articulated an explanation for his actions. Most notable to the trial court was Mizell’s choice in elevating a verbal altercation by arming hiniself with a weapon and fleeing the scene after hitting Magouirk in the face. It also noted that although Magouirk suffered facial lacerations and a fractured nose, he could have incurred brain damage or possibly died from the blow to his head. It stated that Magouirk’s pre-incident issues could certainly be exacerbated or worsened by the serious injuries he suffered as a result of Mizell’s actions.
[7The trial court is given broad discretion when sentencing offenders like Mizell, and there is nothing in the record to show an abuse of discretion under these circumstances. The record shows that the trial court gave careful and thorough consideration to all factors in this case during sentencing. During the hearing for Mi-zell’s motion to reconsider the sentence, the trial court,"again, carefully reviewed the factors and also considered the arguments urged by' Mizell in this appeal. Noting the nature and result of the offense, the trial court declined to amend or lessen the sentence.
The alleged lack of rehabilitative effect this sentence will-have upon Mizell does not overcome the fact that aggravated second degree battery is a serious offense. The four-year sentence at hard labor is less than one-third the maximum sentence an offender can receive for a conviction of this crime. This sentence is neither disproportionate to the seriousness of the offense committed by Mizell nor is it a purposeless imposition of pain and suffering. Rehabilitation is not the only policy consideration for sentencing, but incapacitation and deterrence are considerations to prevent future senseless acts of violence. The sentence imposed by the trial court does not shock the sense of justice, nor is it grossly disproportionate to the severity of the offense. Mizell’s sentence is not constitutionally excessive, and his assignments of error are without merit.'
| ^Conclusion
For the foregoing reasons, Patrick Evan Mizell’s conviction and sentence for aggravated second degree battery are affirmed.
AFFIRMED.