McCALLUM, J.
Lawrence Nixon was convicted by a Jackson Parish jury of one count of distribution of cocaine in violation of La. R.S. 40:967(A), and two counts of distribution of marijuana in violation of La. R.S. 40:966(A). He was sentenced to serve 20 years at hard labor for each conviction, with the sentences running consecutively, and to pay a $15,000 fine. Previously on appeal, this Court affirmed all three convictions but found that the aggregate sentence of 60 years at hard labor was unconstitutionally excessive. State v. Nixon , 51,319 (La. App. 2 Cir. 5/19/17), 222 So.3d 123, writ denied , *1231 2017-0966 (La. 4/27/18), 239 So.3d 836. Nixon's sentences were set aside, and the matter was remanded for resentencing. Nixon was resentenced to 20 years at hard labor on each conviction, with the sentences running concurrently, and with a $15,000 fine on each of the distribution of marijuana convictions. Nixon again appeals his sentences, arguing they are yet excessive. He has also raised several pro se assignments of error relating to his sentence and denials of his motions to recuse and enforce an agreement with the prosecution.
We affirm the trial court in all respects.
FACTS
Lawrence Nixon was charged with one count of distribution of cocaine, La. R.S. 40:967(A)(1), and two counts of distribution of marijuana, La. R.S. 40:966(A)(1). The convictions resulted from his sale of three plastic bags of marijuana to two female confidential informants for $30 on January 20, 2012, and subsequent sale to the same informants of a rock of cocaine and a marijuana joint for $60 on February 23, 2012.
Nixon was convicted as charged by a jury and was sentenced by Judge Jimmy Teat to 20 years at hard labor on each count, to run consecutively, with a two-year restriction of all benefits on the distribution of cocaine conviction. A fine of $15,000 was also imposed.
Nixon appealed his sentences, but did not complain that the individual 20-year hard labor sentences were excessive. Instead, he complained that imposing the sentences to run consecutively, for a total of 60 years, made the aggregate sentence unconstitutionally excessive. Concluding that the 20-year hard labor sentences were not unconstitutionally excessive, this Court stated:
The 20-year sentences imposed for each count are quite severe considering that they involved nonviolent, small drug sale offenses-one for $30 and one for $60. However, given Nixon's history of criminal behavior and his past failures to take advantage of opportunities for rehabilitation, we find that the sentences are not unconstitutionally excessive.
State v. Nixon , 51,319 at p. 11, 222 So.3d at 130. Nevertheless, the trial court's order that the three terms of imprisonment be served consecutively tripled the already severe 20-year sentences imposed for the single course of conduct. This Court concluded that the resulting 60-year sentence was grossly disproportionate to the harm caused by the offenses. Accordingly, the sentences were set aside and the matter was remanded for resentencing.
On November 29, 2017, Nixon appeared pro se before the trial court for resentencing. Nixon insisted that Judge Teat rule on his motion in arrest of judgment relating to a motion to quash that was granted in 2013 on the grounds that Nixon had not been brought before a judge for the appointment of counsel within 72 hours from his time of arrest as required by La. C. Cr. P. art. 230.1. The motion was denied, and Nixon made an oral motion to appeal the ruling.
Judge Teat then proceeded with sentencing, and adopted the transcript of the prior sentencing regarding the recitation of the sentencing guidelines under La. C. Cr. P. art. 894.1, and the articulation of aggravating and mitigating factors. Judge Teat found that there was an undue risk that Nixon, who was 43 years old at the time, would commit another crime if granted probation or parole. He also found that Nixon was in need of correctional treatment in a custodial environment. Additionally, Judge Teat found that any lesser sentence would deprecate the seriousness of Nixon's offenses.
On the first distribution of marijuana conviction, Nixon was sentenced to 20 *1232 years at hard labor, and a $15,000 fine was imposed. On the second distribution of marijuana conviction, Nixon was sentenced to 20 years at hard labor, and a $15,000 fine was imposed. Nixon was sentenced to serve 20 years at hard labor on the distribution of cocaine conviction with no fine being imposed. The sentences were ordered to be served concurrently with each other and with any other sentence that Nixon may be serving. Nixon was given credit for time served and advised that he had two years from the date the sentence became final to seek post-conviction relief.
Judge Teat noted Nixon's oral motion to appeal the sentences and the ruling on Nixon's motion in arrest of judgment and told Nixon that if he wanted he could file a written motion for appeal. The trial court signed the order granting an appeal on December 14, 2017.[1]
On December 6, 2017, Nixon filed a pro se motion for reconsideration of sentence in which he argued that he was sentenced without consideration being given to the Louisiana Justice Reinvestment Reform of 2017,[2] which created alternatives to incarceration for nonviolent and nonsexual offenders. Nixon contended that incarceration should be a last resort given the fact his crimes were not violent or sexual offenses, and given the amount of drugs that he possessed or distributed. The motion was denied on December 7, 2017.
On December 20, 2017, Nixon's attorney filed a motion to reconsider sentence in which he argued that the imposed sentences were excessive and punitive and would not achieve any goal of rehabilitating Nixon. The motion was denied on December 21, 2017.
DISCUSSION
Sentence review
Nixon's offenses were committed in 2012. La. R.S. 40:966(B)(3) provided at the time that a person convicted of distribution of marijuana shall be sentenced to hard labor for not less than 5 nor more than 30 years, and pay a fine of not more than $50,000. La. R.S. 40:967(B)(4)(b) provided at the time that a person convicted of distribution of cocaine shall be sentenced to hard labor for not less than 2 nor more than 30 years, with the first 2 years to be served without the benefit of parole, probation, or suspension of sentence, and may, in addition, be sentenced to pay a fine of not more than $50,000.
Nixon's appellate counsel argues that the sentences imposed were unconstitutionally harsh and excessive because they failed to give Nixon the opportunity to be rehabilitated and reenter society. He notes that Nixon has two children and five grandchildren, that Nixon obtained his GED and took some college courses, and that Nixon had an established work history. He emphasizes that Nixon had only two prior felonies, both for the nonviolent offenses of simple burglary and simple burglary of an inhabited dwelling, and that the current offenses were based on two small drug transactions.
The State counters that the 20-year hard labor sentences are midrange given *1233 the 5-30 year range for distribution of marijuana and the 2-30 year range for distribution of cocaine, and under the circumstances, the sentences are not unconstitutionally excessive. The State points out that Nixon's criminal history is far more extensive than just the two felonies, as the PSI shows that he has four misdemeanor convictions and over 20 arrests. The State argues that Nixon failed to take advantage of prior opportunities for rehabilitation when his probation was unsatisfactorily terminated and his parole was revoked.
Appellate review of sentences for excessiveness is a two-pronged inquiry. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. A review of the sentencing guidelines does not require a listing of every aggravating or mitigating circumstance; the trial court need only articulate a factual basis for the sentence. State v. Cunningham , 46,664 (La. App. 2 Cir. 11/2/11), 77 So.3d 477. However, the court must state for the record the considerations taken into account and the factual basis for the sentence imposed. La. C. Cr. P. art. 894.1(C). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), the defendant's criminal record, the seriousness of the offense, and the likelihood of rehabilitation. State v. Boehm , 51,229 (La. App. 2 Cir. 4/5/17), 217 So.3d 596. There is no requirement that specific matters be given any particular weight at sentencing. Id.
Second, a sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey , 623 So.2d 1276 (La. 1993) ; State v. Mandigo , 48,801 (La. App. 2 Cir. 2/26/14), 136 So.3d 292, writ denied , 2014-0630 (La. 10/24/14), 151 So.3d 600. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver , 2001-0467 (La. 1/15/02), 805 So.2d 166 ; State v. Hollins , 50,069 (La. App. 2 Cir. 8/12/15), 174 So.3d 710.
A trial court has wide discretion in imposing sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, a sentence will not be set aside as excessive. State v. Mandigo , supra . The reviewing court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Jackson , 48,534 (La. App. 2 Cir. 1/15/14), 130 So.3d 993 ; State v. Esque , 46,515 (La. App. 2 Cir. 9/21/11), 73 So.3d 1021, writ denied , 2011-2347 (La. 3/9/12), 84 So.3d 551.
Although not articulated by the trial court on resentencing, the sentence for distribution of cocaine includes a mandatory restriction of benefits for the first two years. Because the sentences were imposed to run concurrently, Nixon faces a 20-year hard labor sentence, with the first two years to be served without benefit of probation, parole, or suspension of sentence, and a $15,000 fine.
Nixon's criminal record was detailed by this Court in the prior appeal:
The PSI reveals that Nixon's criminal "activity" has spanned 20 years beginning on July 22, 1992, when at age 17, he was charged with illegal possession of stolen things. He was tried, convicted and fined $500. His last criminal charge, felony possession of stolen goods, was committed March 4, 2014, when Nixon was age 38, for which he apparently pled down to misdemeanor possession and received a 6-month sentence. This last *1234 charge came after the instant charges were filed against him a year earlier.
Between his first and last criminal arrest, Nixon has 19 other arrests for various crimes charged. The 26 crimes included four battery charges, a rape charge, a charge of manslaughter, seven different burglary charges, three theft charges, and several illegal possession of stolen things charges. Most of these offenses charged were nolle prossed for unknown reasons. Others resulted in fines or misdemeanor convictions. However, two of the charges resulted in felony convictions: a conviction for simple burglary of an inhabited dwelling, and a conviction for simple burglary. Both of these convictions ultimately resulted in prison sentences. In the first, Nixon received a suspended sentence and supervised probation, which was terminated unsatisfactorily, and for the second felony conviction, he received a six-year sentence and was paroled after 2 years, but his parole was revoked due to a drug arrest.
Nixon's only prior drug-related arrest noted on the PSI occurred on January 14, 2005, when he was charged with possession of drug paraphernalia. The case was nolle prossed .
State v. Nixon , 51,319 at p. 7-8, 222 So.3d at 128-129. Summarizing Nixon's criminal history, this Court noted that although most of Nixon's criminal history consisted of arrests with no convictions, he had two prior felony convictions and four misdemeanor convictions.
Our review of this record discloses no abuse of discretion by the trial court in imposing these sentences which were within the statutory limits for both the terms of imprisonment and the fines imposed. The trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1, and considered the aggravating and mitigating circumstances in this case. The trial court noted Nixon's criminal history and found that his offenses warranted incarceration for 20 years at hard labor, as well as a fine of $15,000 on each of the marijuana distribution convictions. Given that the sentences were run concurrently, the sentences imposed here are not out of proportion to the seriousness of the offenses. These sentences, which were tailored to Nixon and his offenses, do not shock the sense of justice.[3]
PRO SE ASSIGNMENTS OF ERROR
Nixon has raised several pro se assignments of error. He complains that the trial court erred in: (1) denying his motion in arrest of judgment; (2) denying his motion to recuse Judge Teat; (3) failing to sentence him according to the 2017 amendments made to La. R.S. 40:966 and La. R.S. 40:967[4] pursuant to the Louisiana Justice Reinvestment Reform of 2017; and (4) denying his motion to enforce an agreement that he had with the District Attorney Offices of Jackson Parish and Jefferson Davis Parish.
Motion in arrest of judgment
Prior to trial, Nixon filed a motion complaining that he did not receive a timely *1235 "72-hour" hearing as required by La. C. Cr. art. 230.1. Judge Glenn Fallin granted this motion and ordered that Nixon be released without bail. Nixon interpreted the court's ruling to mean that he could not be prosecuted and felt that this gave him valid grounds to obtain a motion to quash the bill of information. Nixon asserts that it was error to deny his motion to quash and that the state was "arrested" from proceeding with his prosecution because of Judge Fallin's ruling granting him relief. He further asserts that the trial court was in error and was also "arrested" from allowing the prosecution to proceed. These beliefs are the basis of his motion in arrest of judgment. Nixon raised a similar issue on the prior appeal which was found to be without merit.
The remedy for a violation of La. C. Cr. P. art. 230.1 is pretrial release, and it has no effect whatsoever on the validity of the proceedings thereafter. La. C. Cr. P. art. 230.1(D) ; State v. Manning , 2003-1982 (La. 10/19/04), 885 So.2d 1044, cert. denied , 544 U.S. 967, 125 S.Ct. 1745, 161 L.Ed.2d 612 (2005). Moreover, an alleged violation of La. C. Cr. P. art. 230.1 is moot after conviction and sentence. State v. Franklin , 43,173 (La. App. 2 Cir. 9/17/08), 996 So.2d 387, writ denied , 2008-2371 (La. 5/22/09), 9 So.3d 138.
The trial court properly denied this motion.
Motion to recuse
On August 9, 2017, Nixon filed a motion to recuse Judge Teat on the grounds of La. C. Cr. P. art. 671(A)(1) and (4). He asserted that Judge Teat is a witness to the fact that he was illegally convicted, i.e. , that Judge Teat allowed him to be prosecuted even though he prevailed on his 72-hour hearing motion. Nixon also asserted that Judge Teat imposed an illegal sentence, and that he would not receive a fair hearing if resentenced by Judge Teat.
La. C. Cr. P. art. 671 reads, in relevant part:
A. In a criminal case a judge of any court, trial or appellate, shall be recused when he:
(1) Is biased, prejudiced, or personally interested in the cause to such an extent that he would be unable to conduct a fair and impartial trial;
.....
(4) Is a witness in the cause[.]
A trial judge is presumed to be impartial, and the burden is on the defendant to prove otherwise. In order to obtain a recusal based on bias, prejudice, and personal interest, the party seeking the recusal must establish grounds of a substantial nature based on more than conclusory allegations. State v. Brown , 46,669 (La. App. 2 Cir. 2/29/12), 86 So.3d 726, writ denied , 2012-0724 (La. 9/14/12), 97 So.3d 1016.
The recusal motion was heard by Judge Fallin. Nixon argued that he was tried and convicted despite his motion to quash being granted, and that Judge Teat could not give him a fair sentence when resentencing him. Nixon also complained that Judge Teat was biased against him because he had denied Nixon's pro se motions. Judge Fallin told Nixon that bias is not shown simply because a judge rules against a defendant. Noting that Nixon had not subpoenaed Judge Teat to testify at the hearing on his motion, Judge Fallin concluded that Nixon presented only mere allegations and no evidence that the urged grounds for recusal had been met. Accordingly, the motion was denied. As there was no basis to recuse Judge Teat, we find no abuse of the court's discretion in denying the motion to recuse.
Motion to enforce agreement
In October of 2016, Nixon entered into an agreement that was signed by the *1236 District Attorney for Jefferson Davis Parish and an Assistant District Attorney for Jackson Parish. The State agreed to dismiss the pending habitual offender bill filed against Nixon if he provided credible information to the Jefferson Davis Parish authorities regarding an unsolved homicide from 10 years earlier.
On December 2, 2016, Nixon filed a motion to enforce the agreement. A hearing on his motion was held a few days later. The State introduced a video of the 2016 interview conducted with Nixon. Chris Myers, an investigator with the Jefferson Davis Parish District Attorney's Office, also testified. Judge Teat took the matter under advisement, and ultimately denied the motion.
Although the agreement was not a plea agreement per se as no plea was involved, the underlying interpretive principles remain the same. Agreements to dismiss prosecution are binding constitutional contracts, and their validity is determined by analogy to our law on contracts. State v. Meredith , 35,026 (La. App. 2 Cir. 9/26/01), 796 So.2d 109.
A plea agreement is a contract between the State and a criminal defendant. State v. Young , 50,072 (La. App. 2 Cir. 8/12/15), 174 So.3d 719 ; State v. Bouwell , 45,635 (La. App. 2 Cir. 9/22/10), 48 So.3d 335 ; State v. Davis , 41,430 (La. App. 2 Cir. 11/1/06), 942 So.2d 652.
In State v. Young , supra , this court explained the principles governing the validity of plea agreements:
In determining the validity of plea agreements, Louisiana courts generally refer to rules of contract law, while recognizing at the same time that a criminal defendant's constitutional right to fairness may be broader than his or her rights under contract law. State v. Givens , 1999-3518 (La. 1/17/01), 776 So.2d 443. The party demanding performance of a contract has the burden of proving its existence. State v. Louis , 94-0761, p. 7 (La. 11/30/94), 645 So.2d 1144 at 1149. In the context of plea bargains, a defendant may demand specific performance of the state's promise if he can show that the parties reached an agreement, that he performed his part of the agreement, and that in doing so, he relinquished a fundamental right. Id. at 1149-50 ; see also , State v. Tanner , 425 So.2d 760, 763 (La. 1983).
Contracts have the effect of law for the parties and must be performed in good faith. La. C.C. art. 1983. A party has an implied obligation to make a good faith effort to fulfill the conditions of a contract. Bloom's Inc. v. Performance Fuels, L.L.C. , 44,259 (La. App. 2 Cir. 7/1/09), 16 So.3d 476, writ denied , 2009-2003 (La. 11/20/09), 25 So.3d 800. When there are reciprocal obligations, the obligor of one may not be put in default unless the obligor of the other has performed or is ready to perform his own obligation. La. C.C. art. 1993. Also, a party to a commutative contract may refuse to perform his obligation if the other has failed to perform. La. C.C. art. 2022.
Id. , 50,072 at pp. 8-9, 174 So.3d at 725.
The Assistant District Attorney argued at the hearing that the Sheriff and District Attorney for Jefferson Davis Parish believed that Nixon did not provide them with information that helped them. Investigator Myers testified that Nixon, who had been questioned 10 years earlier about the murder, provided no new, helpful information. Myers thought that at best, Nixon gave them an inconsistent statement at the more recent interview without providing any additional information.
As shown on the video, the interview lasted approximately 28 minutes. Although not reflected in the written agreement, it was mentioned at the interview that the *1237 District Attorney for Jefferson Davis Parish agreed to have Nixon serve a concurrent sentence with his drug sentences if he was convicted for any involvement in the murder. Nixon offered several times during the interview to return to Jefferson Davis Parish to obtain information by eavesdropping. After being reminded of the deal and how it could benefit him, Nixon said he had nothing but there were ways to go on "Main Street" and acquire information. Nixon was told several times during the interview that he would not be allowed to leave the jail in order to gather information. He was also reminded that he needed to provide credible information in order for there to be a deal. Nixon told the interviewing officers that he would let them know if he heard anything. Nixon also told the officers that he thought the suspect in the murder had been deceptive. When asked if the suspect had any weapons, Nixon replied that the suspect had a box cutter.
Nixon's general answers did not provide the Jefferson Davis Parish officers with credible information regarding the homicide. His answers were general in nature, and he was focused on his unrealistic quest to leave the jail in order to obtain information. Based on the evidence presented, we cannot conclude that the trial court abused its discretion in denying Nixon's motion to enforce the agreement.
Louisiana Justice Reinvestment Reform
Nixon complains that Judge Teat erred in failing to sentence him in accordance with the 2017 amendments made to La. R.S. 40:966 and 40:967.
The law in effect at the time of the commission of the offense is determinative of the penalty which is to be imposed upon the convicted accused. State v. Parker , 2003-0924 (La. 04/14/04), 871 So.2d 317 ; State v. Mizell , 50,222 (La. App. 2 Cir. 11/18/15), 182 So.3d 1082. Nixon's offenses were committed in 2012; therefore, the 2017 amendments to the sentencing provisions do not apply to his sentences. See State v. Casaday , 51,947 (La. App. 2 Cir. 4/11/18), 247 So.3d 1057. This argument is without merit.
ERROR PATENT
The trial court failed to specify that the first two years of the sentence on the distribution of cocaine conviction are to be served without benefit of parole, probation, or suspension of sentence, as required by La. R.S. 40:967.
La. R.S. 15:301.1(A) provides:
When a criminal statute requires that all or a portion of a sentence imposed for a violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. The failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence.
When the trial court fails to order that a portion of a sentence be served without benefits as statutorily mandated, the sentence will automatically be served without benefits for the requisite time period. State v. Jones , 48,505 (La. App. 2 Cir. 11/20/13), 128 So.3d 622. Accordingly, there is no need to remand for correction of the sentencing error; however, the trial court minutes and the uniform commitment order are to be amended to reflect the correction.
*1238 CONCLUSION
Lawrence Nixon's sentences are affirmed. The minutes and the uniform commitment order are to be amended to reflect that the first two years of the sentence on the distribution of cocaine conviction are imposed without benefit of probation, parole, or suspension of sentence.
AFFIRMED.
APPLICATION FOR REHEARING
Before Felicia Toney Williams, Frances Jones Pitman, Jeanette Giddens Garrett, Shonda D. Stone, and Jay Bowen McCallum - Writing, JJ.
Rehearing denied.

On August 8, 2017, Nixon filed a pro se motion to recuse Judge Teat. The motion was argued before Judge Glenn Fallin and denied on September 14, 2017. Judge Fallin noted Nixon's request to appeal the ruling. On September 18, 2017, Nixon filed a written pro se motion for appeal. On September 25, 2017, the trial court signed an order granting review of the denial of the motion to recuse, ordering that a transcript of the hearing be sent to Nixon and to this Court, and setting a return date of November 25, 2017. No writ application seeking supervisory review was filed. In his pro se assignments of error, Nixon challenges the denial of the motion to recuse.

Nixon referred to Senate Bills 139 (Act 280) and 220 (Act 281) of 2017.

It should be noted that resentencing alone does not restart the time period for applying for post-conviction relief. La. C. Cr. P. art. 930.8 ; State v. Brumfield , 2013-2390 (La. 11/14/14), 152 So.3d 870 ; State ex rel. Rushing v. Whitley , 1993-2722 (La. 11/13/95), 662 So.2d 464. The post-conviction time limitation period in La. C. Cr. P. art. 930.8 does not begin to run anew when the sentence originally imposed is vacated and the respondent is resentenced. Id. La. C. Cr. P. art. 930.3, which sets out the exclusive grounds for granting post-conviction relief, provides "no basis for review of claims of excessiveness or other sentencing error post-conviction." State ex rel. Melinie v. State , 1993-1380 (La. 1/12/96), 665 So.2d 1172 (per curiam).

Cited as La. R.S. 40:970 in Nixon's pro se brief.