Judgment rendered August 27, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,048-KH

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                     Respondent

versus

STEVEN RAY KILLINGSWORTH         Applicant

* * * * *

On Application for Writs from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 341,125

Honorable Ramona Emanuel, Judge

* * * * *

LOUISIANA APPELLATE PROJECT       Counsel for Applicant
By: Christopher Albert Aberle

STEVEN KILLINGSWORTH                Pro Se

JAMES E. STEWART, SR.              Counsel for Respondent
District Attorney

ALEXANDRA L. PORUBSKY
Assistant District Attorney

* * * * *

Before PITMAN, STONE, and ELLENDER, JJ.

**ELLENDER, J.**

Steven Killingsworth ("Killingsworth") was convicted of attempted second degree murder and sentenced to serve 50 years at hard labor without benefits. On appeal, this court affirmed his conviction and sentence. *State v. Killingsworth*, 53,059 (La. App. 2 Cir. 11/20/19), 285 So. 3d 84, *writ denied*, 20-00164 (La. 7/24/20), 299 So. 3d 68. Killingsworth subsequently filed an application for post conviction relief arguing Judge John Mosely lacked the authority to preside over his trial since he recused himself, then recalled the recusal, rendering any action taken after the initial recusal an absolute nullity, and that appellate counsel was ineffective for only filing an *Anders* brief rather than raising the claim. Following the trial court's denial of his application, Killingsworth filed a writ with this court, which we granted to docket for a full review of the underlying record. Finding no reversible error, we deny Killingsworth's writ.

## PRETRIAL HISTORY

Killingsworth's trial was initially set for February 12, 2018. On that day, Judge Mosely granted Killingsworth's oral request to terminate his court-appointed attorney, and represent himself, with his stated reason being his attorney's refusal to adopt Killingsworth's pro se motion to recuse Judge Mosely. The exchange between the court and Killingsworth was somewhat heated, with an admonishment from Judge Mosely not to talk over him, as well as statements that Killingsworth was being a "smart mouth," sarcastic, and defensive. Due to the hostility displayed by Killingsworth toward him, Judge Mosely stated he would recuse "to avoid the appearance of impropriety," even though a written pro se motion to recuse had not yet been filed. He signed a recusal order that same day. Three days later, on

February 15, Judge Mosely issued an order setting aside his recusal, stating it may have been premature and citing Louisiana Supreme Court Rule XXXVI.[1]

On February 20, Killingsworth filed a written pro se motion to recuse Judge Mosely, citing La. C. Cr. P. arts. 671 and 674, 28 U.S.C. §§ 144 and 155, the Due Process Clause, and the Equal Protection Clause. He argued Judge Mosely was prejudiced against black males, as evidenced by his setting lower bonds for white males, and he contended Judge Mosely must be recused because he could not preside over Killingsworth's trial fairly or impartially. Killingsworth offered no specific examples of Judge Mosely's alleged bias toward him, only conclusory statements.

On February 21, Judge Mosely advised Killingsworth in open court of the recalled recusal order of February 15, but that he had not yet seen the written motion to recuse. A hearing was set for March 28 to consider the merits of any recusal motion, but at that hearing, Killingsworth took the position his motion was now moot since Judge Mosely had self-recused on February 12. Judge Mosely maintained there was an insufficient basis for his initial recusal, which is why he recalled that order. After Judge Mosely repeatedly asked Killingsworth the basis of his recusal request, he finally stated on the record, "It is due to the fact that you and I have a tenuous relationship at best," and then said he thought it was "adversarial." Judge Mosely accepted this declaration as Killingsworth's basis for recusal and

---

[1] La. S. Ct. Rule XXXVI states: If a justice of the Supreme Court of Louisiana or a judge of a court of appeal, district, family, juvenile, parish, city, traffic or municipal court of the State of Louisiana recuses himself/herself in a proceeding before that justice's or judge's court, that justice or judge shall, unless otherwise prohibited by law or applicable Supreme Court Rule, provide in writing the factual basis for recusal within fifteen days of the rendering of the order of recusal.

ordered the clerk to assign the motion to another judge for hearing. Killingsworth made no objection to Judge Mosely's ruling. The matter was then randomly assigned to Judge Katherine Dorroh. Judge Mosely also issued a written "Opinion," dated March 28, indicating he was denying Killingsworth's February 20 written motion to recuse because it failed to state any justifiable reasons.

A recusal hearing was ultimately held on June 19, 2018, where Judge Dorroh stated she had read the transcripts and was aware of Killingsworth's February 20 motion to recuse. Killingsworth told Judge Dorroh he did not wish to put on any evidence or argument in support of his motion because he believed it was now moot and abandoned since Judge Mosely self-recused on February 12. Judge Dorroh explained the recusal was recalled and the determination of whether Judge Mosely should be recused was still to be considered, even stating, "We are redoing this, okay?" Thereafter, Killingsworth confirmed he did not want a hearing. Consequently, finding no basis for Judge Mosely's recusal, Judge Dorrah denied Killingsworth's motion, and the matter was returned to Judge Mosely's docket. Killingsworth made no objection to Judge Dorroh's ruling.

Significantly, other than dealing with the recusal issue, no substantive action was taken by any judge in the case between February 12, when Judge Mosely first signed the order recusing himself, and June 19, when Judge Dorroh determined there was no merit to Killingsworth's motion to recuse.

Meanwhile, over this time, Killingsworth filed, on March 28, 2018, a writ of mandamus with the Louisiana Supreme Court, requesting Judge Mosely remain recused and his case be reallotted to another criminal court judge. In August 2018, the Louisiana Supreme Court ruled it would not

3

consider the writ because Killingsworth had not first sought review "in the court(s) below."

In September 2018, Killingsworth's attempted murder case proceeded to trial, during which he continued to represent himself, and the jury found him guilty as charged, resulting in a sentence of 50 years at hard labor without benefits. Killingsworth appealed. His appointed appellate counsel filed a brief asserting there were no nonfrivolous issues and a motion to withdraw as counsel, pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 1493 (1967). Killingsworth, pro se, also filed a brief arguing the trial court erred in denying his pretrial motion to quash for failure to timely commence trial, but did not assign as error the recusal issue. This court affirmed Killingsworth's conviction and sentence. There was a discussion within that opinion concerning Judge Mosely's initial recusal, then subsequent recall of the order, but this court did not recognize the issue as an error patent. *State v. Killingsworth*, *supra*.

## POST CONVICTION RELIEF HISTORY

On August 1, 2022, Killingsworth filed the post conviction relief application at issue in this writ, circuitously raising the issue of recusal by claiming Judge Mosely lacked subject matter jurisdiction to preside over his case, thus making everything an absolute nullity, and that his appellate counsel was ineffective for failing to raise this issue on direct appeal. The same day, he also filed a document styled "Motion for Appointment of Ad Hoc Judge," claiming that neither Judge Mosely, nor any other judge of the First Judicial District Court, should rule on his application. The state filed detailed procedural objections, including the failure to make contemporaneous objections, and the failure to raise the issue on direct

4

appeal when it was clearly known at that time.  Judge Mosely denied the application with written reasons on August 31, 2022.

On November 10, 2022, this court granted a writ filed by Killingsworth challenging Judge Mosely's ability to consider his application based on the February 12, 2018, recusal order, and remanded for the purpose of assigning another judge to consider the application.  Shortly thereafter, on December 8, 2022, Killingsworth filed an amendment to his application wherein he raised the same issue as on direct appeal, the alleged failure to timely commence his trial.  The state filed procedural objections to the amendment, noting this issue was considered and resolved on direct appeal.  Ultimately, the application was assigned to Judge Ramona Emanuel.  On March 24, 2023, Judge Emanuel sustained the state's procedural objections, but only as to the amended application, filed December 8, 2022.  On April 13, 2023, Judge Emanuel issued an "Amended/Supplemental Ruling" wherein she recognized her failure to rule on the August 1, 2022, application, but then stated in the incorporated "Order" only: "Petitioner's motion for appointment of an hoc [*sic*] is hereby DENIED."

Killingsworth again filed a writ with this court, which was granted in part on June 20, 2023, remanding the case for consideration on the merits of the August 1, 2022, application.  This court denied the writ insofar as it ruled on the December 8, 2022, amended application raising the same issue that was considered on direct appeal.  Consequently, that issue is no longer before this court.  The state sought a writ of certiorari with the Louisiana Supreme Court from this court's partial writ grant, which was denied on April 23, 2024.  As part of that denial, Justice Crichton issued a written concurrence indicating the district court may rule on any timely filed

5

procedural objections raised by the state to the application, before considering the merits of defendant's claims for relief. Shortly thereafter, on April 29, 2024, Judge Emanuel denied Killingsworth's August 1, 2022, application by sustaining the state's procedural objections. This writ followed.

Recognizing a potential issue of absolute nullity with Judge Mosely's recusal in the writ granted on November 10, 2022, as well as considering the Supreme Court's action declining to consider Killingsworth's writ of mandamus in 2018 because the issue of nullity had not yet been presented to this court, the writ was granted to docket. Following remands concerning the appointment of counsel to represent Killingsworth in this application, we docketed the case so the entire record could be reviewed to ensure Killingsworth's claim received our full consideration.

**DISCUSSION**

Killingsworth argues appellate counsel rendered ineffective assistance by filing an *Anders* brief rather than raising what he believes to be the meritorious claim that Judge Mosely, having recused himself, had no authority to recall his recusal or preside over Killingsworth's trial. Killingsworth contends any action taken by Judge Mosely following the recusal should be considered an absolute nullity. Killingsworth argues appellate counsel's failure to identify this claim, despite the record plainly revealing the trial court's prohibited actions, amounts to ineffective assistance, and he argues this court would have been compelled on direct appeal to vacate his conviction and sentence had counsel raised this error. Killingsworth suggests this court should now vacate the trial court's ruling

6

denying his application for post conviction relief. He also argues that if this relief is granted, any retrial would be subject to double jeopardy.

In response, the state contends this court is limited to addressing only whether the trial court erred in denying Killingsworth's application based on the state's underlying procedural objections. The state argues the merits of Killingsworth's claims are not properly before the court and should not be considered as no contemporaneous objection was made, either to Judge Mosely's order recalling his recusal or to Judge Dorroh's subsequent denial of the motion to recuse. Additionally, the state claims Killingsworth cannot establish he would have been granted relief had counsel raised the issue of Judge Mosely's recusal because there is no evidence any recusal was warranted under La. C. Cr. P. arts. 671 and 672.

Judge Emanuel's April 29, 2024, order denying and dismissing Killingsworth's application stated the reason for judgment was because the state's procedural objections were sustained. Those procedural objections included Killingsworth's failure to object to Judge Mosely's recall of his recusal and Judge Dorroh's denial of recusal, as well as his failure to raise the issue on direct appeal when it was clearly known to him at that time. While an ordinary claim would be procedurally barred under similar circumstances, the thrust of Killingsworth's claim is that once Judge Mosely recalled his own recusal, he was prohibited from taking any action in the case and therefore any action after his initial recusal would be an *absolute nullity*. If the merits of Killingsworth's argument were correct, certainly the effects of absolutely null actions should, in the interest of justice, be set aside, regardless of any ordinary procedural bar. Therefore, the trial court

7

should have reached the merits of this application without denying it merely on procedural objections.

This court is not persuaded by the state's argument we are limited to only addressing whether the trial court erred in denying Killingsworth's application based on the state's underlying procedural objections. If that were the case, this matter would need to be remanded to the trial court to address the merits of Killingsworth's claims, then returned to this court yet again for disposition. With the benefit of the entire record, and Killingsworth's application, we have the necessary information, and authority, to rule on the merits of the claims now. La. Const. art. X, § 10(A), gives the court of appeal supervisory jurisdiction over cases which arise within its circuit. URCA Rule 1-3 states in part: "The Courts of Appeal shall review issues that were submitted to the trial court and that are contained in specifications or assignments of error, unless the interest of justice requires otherwise." La. C. Cr. P. art. 930.6(A) states: "The petitioner may invoke the supervisory jurisdiction of the court of appeal if the trial court dismisses the application or otherwise denies relief on an application for post conviction relief."

Regardless of the reasons given by Judge Emanuel, the application was presented to the trial court with Killingsworth's claims clearly articulated, and that application was denied and dismissed. Appeals and writs are taken from a judgment, not the reasons for judgment. *State v. Hodge*, 19-0568 (La. 11/19/19), 286 So. 3d 1023, fn. 7; *State v. Salvant*, 24-205 (La. App. 5 Cir. 3/19/25), 411 So. 3d 74, at p. 94. Consequently, this court has the authority to address the merits of the application. Additional briefing is not needed, as Killingsworth has already articulated his position

8

on the merits of his claims, and our ultimate ruling in this case will not prejudice the state.

We now turn to Killingsworth's claims that his appellate attorney was ineffective for failing to raise the recusal issue on direct appeal. The right of a defendant in a criminal proceeding to the effective assistance of counsel is mandated by the Sixth Amendment to the U.S. Constitution. Courts assess any claim of ineffective assistance under the two-prong test developed by the U.S. Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), which requires a defendant to show counsel's performance was deficient, and that counsel's deficient representation resulted in prejudice to the defendant. A defendant asserting ineffective assistance of counsel must identify certain acts or omissions of counsel to support the claim; general statements and conclusory charges will not suffice. *State v. Broadway*, 17-0825 (La. 9/21/18), 252 So. 3d 878; *State v. Lee*, 51,508 (La. App. 2 Cir. 8/9/17), 243 So. 3d 1133, *writ denied*, 17-1498 (La. 5/18/18), 242 So. 3d 570.

To determine whether Killingsworth received ineffective assistance of appellate counsel for failure to assign as error the issue of Judge Mosely's recusal, we must first decide whether that issue has merit. For the reasons that follow, we do not find this issue has merit, nor, consequently, do we find Killingsworth's appellate counsel was ineffective.

A judge of any trial or appellate court must be recused when the judge is biased, prejudiced, or personally interested in the cause to such an extent that the judge would be unable to conduct a fair and impartial trial. La. C. Cr. P. art. 671(A)(1). A judge must also be recused when the judge would be unable, for any other reason, to conduct a fair and impartial trial. La. C.

9

Cr. P. art. 671(A)(6). Additionally, a judge shall also be recused when there exists a substantial and objective basis that would reasonably be expected to prevent the judge from conducting any aspect of the cause in a fair and impartial manner. La. C. Cr. P. art. 671(B).

As a trial judge is presumed to be impartial, the burden is on the defendant to prove otherwise. In order to obtain a recusal based on bias, prejudice, or personal interest, the party seeking the recusal must establish grounds of a substantial nature based on more than conclusory allegations. *State v. Nixon*, 52,202 (La. App. 2 Cir. 8/15/18), 254 So. 3d 1228, *writ denied*, 18-0591 (La. 2/25/19), 266 So. 3d 289, and *writ denied*, 18-1631 (La. 2/25/19), 266 So. 3d 293. A party desiring to recuse a trial judge shall file a written motion assigning the ground for recusal under La. C. Cr. P. art. 671. La. C. Cr. P. art. 674(A). A judge may recuse himself in any cause *in which a ground for recusal exists*, whether or not a motion for his recusal has been filed by a party. La. C. Cr. P. art. 672(A).

While the record does show Judge Mosely initially recused following a verbal request that he do so from Killingsworth in the midst of a heated colloquy, the record also shows Judge Mosely recalled his order of recusal only three days later because he believed his initial recusal was premature and apparently could not be supported with a written factual basis, referencing that requirement of La. S. Ct. Rule XXXVI. A detailed review of the transcript where the initial recusal took place on February 12, 2018, supports Judge Mosely's observations that Killingsworth was talking over him. While the transcript does not reveal the tone of Killingsworth's voice, Judge Mosely opined that he was being a "smart mouth," sarcastic, and defensive. The transcript does reflect that in response to clear questions

10

asked by Judge Mosely, some of Killingsworth's answers were nonresponsive, including such statements as, "You would have that information available to you," and multiple times telling Judge Mosely, "You're the law professional." Despite Killingsworth's statements and perceived attitude during this hearing, Judge Mosely maintained decorum. A few days following the initial recusal, it appears Judge Mosely must have reflected that a heated colloquy with Killingsworth was not a sufficient factual basis to recuse, necessitating his recall of that order. Additionally, Judge Mosely had yet to be presented with a written motion, which is required when recusal is requested by a party pursuant to La. C. Cr. P. art. 674(A). Killingsworth did not object to Judge Mosely's recall of his recusal order.

At the March 28, 2018, hearing to consider the written motion to recuse, Killingsworth ultimately gave the basis of his motion: "It is due to the fact that you and I have a tenuous relationship at best"; he also described the relationship as "adversarial." Judge Mosely accepted that reason as the basis of the recusal, stated he found no basis to recuse from Killingsworth's case, then had the clerk randomly assign Judge Dorroh to consider whether he should be recused. At the recusal hearing on June 19, 2018, where Judge Dorroh stated she had read the transcripts and was therefore aware of Killingsworth's stated basis for recusal, Killingsworth still insisted he did not wish to put on any evidence or argument in support of his motion because he believed it was now moot and abandoned. Judge Dorroh explained in detail the issue was not moot, but Killingsworth persisted in declining to have a hearing. Judge Dorroh then found no valid basis for

11

Judge Mosely's recusal. Killingsworth made no objection to Judge Dorroh's denial of his motion to recuse.

The grounds for recusal contained in La. C. Cr. P. art. 671 are exclusive, not illustrative, and in order for a judge to recuse himself, a ground for recusal must exist. La. C. Cr. P. art. 672; *In re Lemoine*, 96-2116 (La. 1/14/97), 686 So. 2d 837, *on reh'g*, 96-2116 (La. 4/4/97), 692 So. 2d 358. Conclusory statements and allegations are insufficient to prove the need for a judge to recuse. *State v. Nixon, supra*. While Judge Mosely did initially acquiesce to Killingsworth's oral motion to recuse in the heat of a strained colloquy, after reflection, he recalled that order as premature and without factual basis. Killingsworth provided no evidence of any bias held by Judge Mosely that would render him unable to preside over his case fairly and impartially. The record supports Judge Dorroh's finding that there were no valid grounds to justify Judge Mosely's recusal, neither for the so-called "tenuous relationship," nor for the conclusory statements made in the written motion to recuse. Following the resolution of the recusal issue, there is nothing to suggest Judge Mosely was unfair or biased while presiding over this case. After conviction, this court found the evidence was sufficient to support Killingsworth's conviction and sentence, without any errors patent.

We recognize the case law cited by a panel of this court in its November 10, 2022, writ grant remanding this matter to the trial court for reassignment of this PCR application to another judge for consideration:

> A trial judge lacks the authority to rescind his self-recusal and reinstate himself as trial judge. Any action taken by a recused judge is an absolute nullity. *State v. Price*, 274 So. 2d 194 (La. 1973); *State v. Clark*, 03-0129 (La. App. 1 Cir. 9/26/03), 857 So. 2d 599. "Once a trial judge recuses himself or herself from hearing a case, the judge is thereafter precluded from hearing

12

that case ever again." *Arcement v. Cruz*, 02-2533 (La. App. 4 Cir. 12/20/02), 836 So. 2d 314.

We are also mindful of the Louisiana Supreme Court's holding in *State v Wilson,* 362 So. 2d 536 (La. 1978), wherein the court stated, "As a general proposition, a judge's power and authority to act in a case terminates at the time he recuses himself," but then went on to recognize situations where the reason for recusation can be neutralized, thereby allowing the initially recused judge to act. *See also, State v. Franks*, 45,818 (La. App. 2 Cir. 11/3/10), 55 So. 3d 34, *writ denied*, 11-0107 (La. 11/18/11), 75 So. 3d 451.[2] Judges have an obligation as part of their sworn duty to hear and decide cases properly brought before them and are not at liberty, nor have the right, to take themselves out of a case and burden another judge with their responsibility without good legal cause. *In Re Lemoine*, *supra*. It appears Judge Mosely was fulfilling what he must have believed to be his sworn duty when he quickly recalled his recusal. While Judge Mosely should not have recused in the first place, in spite of Killingsworth's recalcitrance, this error was corrected and is not fatal.

The cases cited by our court in the November 10, 2022, writ grant are distinguishable. Specifically, neither *Price, Clark,* nor *Arcement, supra,* involved situations where the recusal issue was assigned to another judge for consideration, as was the case here. Also, this court is only provided with limited documents by petitioners with writ applications that are not docketed, and a review of Killingsworth's application resulting in this

---

[2] In *State v. Franks*, Judge Michael Walker self-recused at the request of defense counsel, and the case was re-assigned to Judge Scott Crichton. After the defendant later fired defense counsel, Judge Crichton observed that "the cause of Judge Walker's recusal had been cured," so Judge Crichton signed an order transferring the case back to Judge Walker. The court also found the failure to object waived the right to demand Judge Walker's recusal or nullification of the proceedings.

court's November 10, 2022, writ grant reveals it did not include any reference to Judge Dorroh's involvement, or the transcript confirming her review of the recusation issue. Unlike the November 10, 2022, writ panel, we now have the benefit of the entire record since this case was docketed for review.

Ultimately, we find Judge Dorroh's independent consideration of Killingsworth's recusal request sufficient to cure any defect that may have been present in Judge Mosely's prior recusal and his own recall of that order. While it is true he had no authority to act once the initial recusal was made and until Judge Dorroh issued her ruling, Judge Mosely took no substantive action in Killingsworth's case, other than dealing with the recusal issue, between his initial recusal on February 12, 2018, and Judge Dorroh's finding there was no valid reason for recusal on June 19, 2018.

Because we find no reversible error in the trial court's disposition of Killingsworth's motion to recuse Judge Mosely, we also find no merit to his claim of ineffective assistance of appellate counsel for failure to assert this argument. Consequently, Judge Emanuel was correct to deny and dismiss this application. Any future filings by Killingsworth should be presented to Judge Mosely for his consideration.

## CONCLUSION

The writ is denied. The trial court's ruling denying and dismissing Steven Killingsworth's application for post conviction relief is affirmed, not simply on procedural grounds, but on a finding of no merit to the claims made in the application.

**WRIT DENIED; RULING AFFIRMED.**

14